T.C. Memo. 2009-78

UNITED STATES TAX COURT

JAMES W. BRYANT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21133-06L.                    Filed April 13, 2009.

James W. Bryant, pro se.

<u>Denise A. DiLoreto</u> and <u>Paul J. Krazeise, Jr.</u>, for
respondent.


MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  This case is before the Court on the parties'
cross-motions for summary judgment under Rule 121.[1]  The issue in

---

[1]Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code.

this collection case is whether respondent abused his discretion by setting off a portion of petitioner's 2003 tax overpayment against petitioner's discharged 1997 tax liability.

For the reasons stated below, we shall grant respondent's motion for summary judgment and deny petitioner's motion for summary judgment.

## Background

At the time the petition was filed, petitioner resided in Kentucky.

Petitioner and his spouse filed a joint Form 1040, U.S. Individual Income Tax Return, for 1997 but failed to pay the tax due. Respondent assessed the amount due, and petitioner filed a collection petition with this Court. See Bryant v. Commissioner, docket No. 14178-99L. That case was closed after a stipulated decision was entered on February 13, 2001.

Petitioner filed a Form 1040 for tax year 2000 on which he claimed head of household filing status.[2] Petitioner again failed to make the tax payment shown on the return, and respondent assessed the amount due.

On December 9, 2003, petitioner filed a chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Western District of Kentucky (bankruptcy court). The bankruptcy court issued a

---

[2]Petitioner divorced his spouse in 2000.

discharge order on March 24, 2004, discharging petitioner's 1997 income tax liability but not his 2000 income tax liability.

On June 10, 2004, petitioner filed his Form 1040 for 2003. The return showed an overpayment of $6,445. Instead of issuing petitioner a refund, respondent prorated his 2003 overpayment according to the number of days in the year; applied a portion, based on the number of days that had passed in 2003 before petitioner filed his bankruptcy petition, against his 1997 tax liability; and applied the remainder to petitioner's 2000 tax liability. Of the $6,445 overpayment, $6,058.30 was set off against petitioner's discharged 1997 tax liability; the remaining $386.70 was set off against petitioner's 2000 tax liability.

On December 3, 2005, respondent issued to petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy), with respect to the remainder of his 2000 tax liability.

In response to the notice of intent to levy petitioner filed a Form 12153, Request for a Collection Due Process Hearing, for the 2000 tax liability. Petitioner requested that respondent apply his entire 2003 overpayment to his 2000 tax liability.

On September 7, 2006, a telephone hearing was held. The only issue petitioner raised during the hearing was that respondent improperly set off his 2003 overpayment against his discharged 1997 income tax liability. Petitioner argued that the

bankruptcy court's order discharging his 1997 liability barred respondent's later use of setoff.

On September 21, 2006, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) to petitioner sustaining the proposed collection action. On October 17, 2006, petitioner filed a petition with this Court for review of respondent's determination to proceed with the collection action for petitioner's 2000 tax liability.

On October 16, 2007, respondent filed a motion for summary judgment. On November 26, 2007, petitioner filed his response to respondent's motion. Because petitioner's response also moves for summary judgment, the response was also filed as a cross-motion for summary judgment.

On June 24, 2008, this Court issued an order denying petitioner's and respondent's respective motions for summary judgment without prejudice, and granting petitioner leave to seek to reopen his bankruptcy case to determine whether respondent's setoff of petitioner's prepetition 2003 overpayment against petitioner's 1997 tax liability violated petitioner's discharge order.

On August 15, 2008, petitioner moved to reopen his bankruptcy case in bankruptcy court. On September 24, 2008, petitioner filed a "Motion and Memorandum in Support of Relief

Sought from Post Discharge Set Off".  In re Bryant, 399 Bankr. 477, 478 (Bankr. W.D. Ky. 2009).

On January 13, 2009, the bankruptcy court denied petitioner's motion, holding that petitioner's discharge did not bar the setoff at issue and that petitioner could not exempt his refund from his bankruptcy estate.  See In re Bryant, supra at 477.

Petitioner also argued in his motion that respondent's setoff was improper because petitioner had requested that respondent apply the 2003 overpayment to petitioner's 2000 liability before respondent had applied it to petitioner's 1997 liability.  The bankruptcy court, noting that the instant case was ongoing, declined to rule on this alternative argument because the issue was not one of bankruptcy law that had been referred to the bankruptcy court.

On February 11 and 12, 2009, respondent and petitioner filed respective status reports informing the Court of the bankruptcy court's action.  Respondent's status report renews his motion for summary judgment.  Petitioner's status report repeats the alternative argument in petitioner's bankruptcy motion that respondent should have applied the 2003 overpayment in accordance with petitioner's request.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact, and the Court will view any factual inferences in the light most favorable to the nonmoving party. <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985). Rule 121(d) provides that where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading," but must set forth specific facts, by affidavits or otherwise, "showing that there is a genuine issue for trial."

This collection review proceeding was filed pursuant to section 6330. Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made. Section 6330(b)(1) and (3) provides that if a person requests a hearing, that hearing shall be held before an impartial officer or employee of the Internal

Revenue Service (IRS). At the hearing a taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives, including offers-in-compromise. Sec. 6330(c)(2)(A). A taxpayer is permitted to contest the existence or amount of the underlying tax liability if the taxpayer did not receive any statutory notice of deficiency for the tax liability in question or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office must determine whether the proposed levy action may proceed. The Appeals Office is required to take into consideration: (1) The verification presented by the Secretary that the requirements of applicable law and administrative procedures have been met; (2) the relevant issues raised by the taxpayer; and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns that the levy action be no more intrusive than is necessary. Sec. 6330(c).

Section 6330(d) grants the Court jurisdiction to review the determination by the Appeals officer to proceed with collection action via levy after the hearing. Where the validity of the underlying tax liability is at issue in a collection review

proceeding, the Court will review the matter de novo. Davis v. Commissioner, 115 T.C. 35, 39 (2000). Where the underlying tax liability is not at issue, however, the Court will review the determination of the Appeals Office for an abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000).

There is no issue of material fact that precludes summary judgment. The propriety of the setoff at issue is strictly a question of law. As stated above, the bankruptcy court found that respondent's setoff did not violate petitioner's discharge order and that petitioner could not exempt his refund from his bankruptcy estate. Accordingly, we will not address that issue. We do, however, address petitioner's alternative argument.

Petitioner argues that respondent's setoff was improper because petitioner specifically requested respondent to apply the 2003 overpayment against petitioner's 2000 liability long before respondent applied the 2003 overpayment to petitioner's 1997 liability. Petitioner points to statements in the Internal Revenue Manual and in records of his account in support of this contention.

When a taxpayer owing more than one tax or owing tax for more than 1 year makes voluntary payments to the IRS, he or she may, by specific written directions, assign the application of those payments to any portion of the liability. Wood v. United States, 808 F.2d 411, 416 (5th Cir. 1987); O'Dell v. United

States, 326 F.2d 451, 456 (10th Cir. 1964). Under the voluntary payment rule, when a taxpayer who has outstanding tax liabilities voluntarily makes a payment, the IRS usually will honor the taxpayer's request as to how to apply that payment. United States v. Ryan, 64 F.3d 1516, 1522 (11th Cir. 1995). However, section 6402(a) and the regulations promulgated thereunder demonstrate that a taxpayer's right to designate the application of his voluntary payment does not extend to an overpayment reported on a return.

Section 6402(a) allows the IRS to credit an "overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment" and, subject to certain limitations, refund any balance to the person. In lieu of a refund, a taxpayer can instruct the IRS to credit his overpayment against the estimated tax for the taxable year immediately succeeding the year of the overpayment. Sec. 301.6402-3(a)(5), Proced. & Admin. Regs. The IRS need only refund, or apply to the taxpayer's estimated tax, that portion of the overpayment that exceeds the taxpayer's "outstanding liability for any tax". Sec. 301.6402-3(a)(6)(i), Proced. & Admin. Regs.; see N. States Power Co. v. United States, 73 F.3d 764, 767 (8th Cir. 1996)("'[Section] 6402(a), plainly gives the IRS the discretion to apply overpayments to any tax liability.'") (quoting United States v. Ryan, supra, at 1523);

Pettibone Corp. v. United States, 34 F.3d 536, 538 (7th Cir. 1994) (section 6402(a) "leaves to the Commissioner's discretion whether to apply overpayments to delinquencies or to refund them to the taxpayer").

Respondent's application of the pre-bankruptcy portion of petitioner's 2003 overpayment to petitioner's 1997 tax liability falls within respondent's authority to credit overpayments to any liability for any tax year and, therefore, was proper.  See Richmond v. Commissioner, T.C. Memo. 2005-238.

Because there are no genuine issues of material fact requiring trial, we find that respondent did not abuse his discretion and is therefore entitled to summary judgment. Respondent may proceed with the proposed levy to collect petitioner's tax liability for 2000.

To reflect the foregoing,

An appropriate order and decision will be entered.