NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0645n.06

No. 09-1957

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Oct 12, 2010**
LEONARD GREEN, Clerk

JAMES W. BRYANT,

    Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

    Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
DECISION OF THE UNITED
STATES TAX COURT

BEFORE: GUY and GRIFFIN, Circuit Judges; and BARZILAY, Judge.[*]

BARZILAY, Judge.

Appellant James Bryant ("Appellant") appeals the U.S. Tax Court's affirmation of the

Internal Revenue Service's ("IRS") decision to apply his 2003 income tax overpayment to his 1997

income tax liability rather than his 2000 income tax liability, as he requested. For the reasons stated

below, the court affirms the decision below.

## I. Background & Procedural History

The relevant facts of the case are not in dispute. Appellant and his then-spouse[1] filed a joint

income tax return for the 1997 tax year, but failed to pay the tax due. Three years later, Appellant

_____

[*]The Honorable Judith M. Barzilay, Judge, United States Court of International Trade,
sitting by designation.

[1] Appellant and his former spouse divorced in 2000.

filed an individual income tax return for the 2000 tax year, but again failed to pay the amount due. On December 9, 2003, Appellant filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Western District of Kentucky. The bankruptcy court issued an order discharging his 1997, but not 2000, income tax liability. In June 2004, Appellant filed an income tax return for the 2003 tax year, in which he overpaid by $6,445 ("the overpayment"). Pursuant to I.R.C. § 6402(a), the IRS applied a portion of the overpayment, based on the number of days that had passed in 2003 before Appellant had filed his bankruptcy petition, against his 1997 income tax liability. It applied the remainder of the overpayment to his 2000 liability.

On December 3, 2005, the Commissioner of the IRS ("Commissioner") issued Appellant a Letter 1058 Final Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to his remaining 2000 tax liability. R.E. Doc. 9 Ex. C. In response, Appellant timely submitted a Form 12153 Request for a Collection Due Process Hearing to the Commissioner in which he contested the IRS's decision to apply his overpayment to the 1997 liability, because he had requested that the IRS apply it to his 2000 liability. R.E. Doc. 9 Ex. D. On September 21, 2006, the Office of Appeals issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, which sustained the IRS's action. The Office of Appeals determined that Appellant's "overpayment was correctly applied to outstanding liabilities on a pro rata basis" because the pre-bankruptcy petition portion of the overpayment qualified as a pre-petition asset. R.E. Doc. 9 Ex. A at 2, 3.

Appellant then petitioned the Tax Court to review the Office of Appeals's determination, claiming (1) that the IRS improperly applied the overpayment to his 1997 tax liabilities, which the bankruptcy court had previously discharged, and (2) that he made repeated and timely demands that the overpayment be applied to his 2000 tax liabilities. Both parties moved for summary judgment.

2

The court denied both motions and granted Appellant time to commence an action in bankruptcy court "to reopen his case to determine whether his bankruptcy discharge bar[red] [the IRS's] offset." R.E. Doc. 17 (*Bryant v. Comm'r*, No. 21133-06L (T.C. June 24, 2008) (order denying cross-motions for summary judgment)). Upon the reopening of Appellant's bankruptcy case, the bankruptcy court held that "[t]he IRS has the right to offset prepetition obligations against prepetition liabilities. This power is not affected by a bankruptcy discharge. The IRS, however, may not use overpayment withheld after the date of the petition, December 9, 2003, in offsetting a prepetition tax liability without violating the discharge injunction." *In re Bryant*, 399 B.R. 477, 479 (Bankr. W.D. Ky. 2009).

In response to this holding, which rendered moot Appellant's first argument, the Commissioner renewed his motion for summary judgment, which the court granted. *See Bryant v. Comm'r*, No. 21133-06L, 2009 Tax Ct. Memo LEXIS 78 (Apr. 13, 2009); R.E. Doc. 22. In its opinion, the court reasoned that I.R.C. § 6402(a) "allows the IRS to credit an overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment." *Bryant*, 2009 Tax Ct. Memo LEXIS 78, at *9 (quotation marks omitted). Consequently, the court reasoned, the IRS did not act unlawfully when it applied the overpayment to Appellant's 1997 tax liabilities. Appellant now appeals on the grounds that the IRS was required to heed his timely demand that the overpayment be applied to his 2000 tax liabilities.

## II. Subject Matter Jurisdiction & Standard of Review

This Court has jurisdiction over decisions of the U.S. Tax Court pursuant to I.R.C. § 7482(a) and reviews grants of summary judgment by the Tax Court *de novo*. *Golden v. Comm'r*, 548 F.3d

3

487, 492 (6th Cir. 2008) (citation omitted), *cert. denied*, 129 S. Ct. 1647 (2009). When reviewing an administrative determination under I.R.C. § 6330(d), such as the one at issue, the Tax Court examines decisions about any underlying tax liability *de novo* and all other decisions for an abuse of discretion. *Golden*, 548 F.3d at 492 (citation omitted).

### III. Discussion

Section 6402(a) of the Internal Revenue Code states in relevant part that "[i]n the case of any overpayment, the Secretary [of the Treasury] . . . may credit the amount of such overpayment . . . against any liability in respect of an internal revenue tax on the part of the person who made the overpayment." I.R.C. § 6402(a). The Treasury Department's regulations mirror this language, granting the IRS and its officials the power to credit any overpayment against "*any* outstanding liability for any tax." Treas. Reg. § 301.6402-1 (emphasis added); *accord id.* §§ 301.6402-3(a)(6), 301.6402-4. The statute and its accompanying regulations unambiguously demonstrate that Congress has granted the IRS "discretion to apply overpayments to any tax liability" – a discretion unmitigated by the express wishes of the taxpayer involved. *N. States Power Co. v. United States*, 73 F.3d 764, 767 (8th Cir. 1996) (quoting *In re Ryan*, 64 F.3d 1516, 1523 (11th Cir. 1995)) (quotation marks omitted); *accord Pettibone Corp. v. United States*, 34 F.3d 536, 538 (7th Cir. 1994).

Appellant, it appears, has conflated the treatment of overpayments with the voluntary payment rule, which applies when a taxpayer with outstanding tax liabilities voluntarily makes a payment. In this circumstance, for which there exists no governing statute, "the IRS usually will honor a taxpayer's request about how to apply that payment." *In re Ryan*, 64 F.3d at 1522; *accord Wood v. United States*, 808 F.2d 411, 416 (5th Cir. 1987); *Muntwyler v. United States*, 703 F.2d

4

1030, 1032 (7th Cir. 1983); *O'Dell v. United States*, 326 F.2d 451, 456 (10th Cir. 1964). However, overpayments do not fall within the voluntary payment rule's purview. *In re Ryan*, 64 F.3d at 1523 ("The Treasury Regulations promulgated under § 6402(a) demonstrate that the IRS does not apply the voluntary payment rule to overpayments."). Because Appellant's payment to the IRS constituted an overpayment of his 2003 taxes, and not a voluntary payment, his desire to have the funds allocated to his 2000, rather than 1997, tax liabilities is of no moment. The IRS possesses the statutory discretion to apply the overpayment to Appellant's outstanding tax liabilities as it deems fit.

## IV. Conclusion

For the reasons given above, the court affirms the Tax Court's decision.