T.C. Memo. 2003-34

UNITED STATES TAX COURT

DRINA L. MCCORKLE, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10330-02L.          Filed February 14, 2003.

Deborah R. Jaffe and Robert M. McCallum, for petitioner.

Julie L. Payne, for respondent.

MEMORANDUM OPINION

VASQUEZ, Judge:  This case is before the Court on respondent's motion for summary judgment.

Rule 121(a)[1] provides that either party may move for summary judgment upon all or any part of the legal issues in controversy.

---

[1] Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

Full or partial summary judgment may be granted only if it is demonstrated that no genuine issue exists as to any material fact, and a decision may be entered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

We conclude that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

Background

Petitioner is a self-employed realtor. Petitioner filed delinquent Federal income tax returns for 1997 and 1999. Petitioner failed to pay the taxes due on those returns.

On August 13, 2001, respondent issued to petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, regarding her income tax liabilities for 1997 and 1999 (notice of intent to levy). As of the date of the notice of intent to levy, petitioner's 1997 and 1999 income tax liabilities, including penalties and interest, totaled $50,536.43 and $93,936.36, respectively. As of the date of the notice of intent to levy, petitioner had not filed her income tax return for 2000, had made insufficient estimated tax payments toward her year 2000 tax liability, and had not made any estimated tax payments toward her year 2001 tax liability.

On August 30, 2001, petitioner signed a Form 433-A, Collection Information Statement for Individuals, and sent it to respondent.

On September 6, 2001, petitioner submitted a Form 12153, Request for a Collection Due Process Hearing, regarding her 1997 and 1999 tax years (hearing request). Petitioner stated that she disagreed with respondent's decision to levy because she was unable to pay the assessments in full at that time. Petitioner, however, did not dispute the amount of the liabilities. She requested that respondent consider an installment payment plan in lieu of enforced collection action.

On January 23, 2002, petitioner sent respondent spreadsheets showing the sales she closed and commissions she earned during 2001 and two pages of claimed business expenses.

On the basis of all of the information provided by petitioner, respondent prepared a monthly income and expense analysis. Respondent concluded that petitioner had the ability to pay $5,599 per month toward her outstanding 1997 and 1999 tax liabilities.

On March 19, 2002, respondent assigned Appeals Officer Denise Mountjoy to petitioner's hearing request. Appeals Officer Mountjoy reviewed the administrative file and obtained transcripts of petitioner's account for 1997 and 1999. The administrative file and transcripts of account confirmed the

assessments against petitioner and that all required collection notices had been issued. Appeals Officer Mountjoy contacted petitioner's counsel to schedule an administrative hearing (hearing).

On March 25, 2002, the hearing was held. At the hearing, petitioner's counsel noted that petitioner's income fluctuates considerably and proposed a "pay as she can" installment agreement for petitioner's 1997 and 1999 tax liabilities. The proposed installment plan suggested that several months of expenses would be deducted from each commission check petitioner received and that a percentage of the remaining amount would be paid to respondent (proposed installment plan). Appeals Officer Mountjoy stated that she would consider the proposed installment plan and would get back to petitioner's counsel.

Appeals Officer Mountjoy considered the proposed installment plan and determined it was unacceptable. The reasons underlying Appeals Officer Mountjoy's decision were that (1) it would be difficult for respondent to monitor; (2) it would not necessarily provide for full payment of petitioner's 1997 and 1999 tax liabilities within the periods of limitations on collection; and (3) petitioner's failure to make adequate estimated payments for taxable year 2001 suggested a continuing compliance problem.

On May 1, 2002, Appeals Officer Mountjoy spoke with petitioner's counsel. Petitioner's counsel advised Appeals

Officer Mountjoy that he no longer believed that petitioner was entitled to an installment agreement because she was not in compliance with her filing and paying requirements for 2001. The conversation reconfirmed Appeals Officer Mountjoy's prior conclusion that it was not in the Government's interest to accept the proposed installment plan.

On May 10, 2002, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 to petitioner regarding her 1997 and 1999 tax years (notice of determination). In the notice of determination, respondent determined that the issuance of the notice of intent to levy and proposed collection action were appropriate. In the attachment to the notice of determination, respondent explained: "Since you are not in compliance with the current filing and paying requirement for current taxes [2001], you do not qualify for an installment payment plan."

On June 17, 2002, petitioner timely filed a petition for lien or levy action under Code section 6320(c) or 6330(d) seeking review of respondent's determination to proceed with collection of petitioner's 1997 and 1999 tax liabilities.[2]

On November 20, 2002, respondent filed a motion for summary judgment. On November 21, 2002, the Court ordered petitioner to

---

[2] At the time she filed the petition, petitioner resided in Anacortes, Washington.

file any objection to respondent's motion for summary judgment on or before December 12, 2002. On December 16, 2002, petitioner filed a response to respondent's motion for summary judgment (response).

Discussion

Petitioner's only argument is that respondent's refusal of the proposed installment plan constituted an abuse of discretion. Where the validity of the underlying tax liability is not properly in issue, we review respondent's determination for an abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Black v. Commissioner, T.C. Memo. 2002-307 (reviewing the Commissioner's determination regarding an installment agreement proposed at a section 6330 hearing under an abuse of discretion standard); Schulman v. Commissioner, T.C. Memo. 2002-129.

One reason respondent did not accept the proposed installment plan was because petitioner was not in compliance with her current filing and paying obligations. See Internal Revenue Manual, pt. 5.14.1.4.1 (July 1, 2002), pt. 5.14.9.3(5) (Mar. 30, 2002), pt. 5.19.1.3.3.1(1) and (5) (Oct. 1, 2001), pt. 5.19.1.5.4.10(1)-(2) (Oct. 1, 2001). In her response, petitioner admits that as of the date of the notice of determination, May 10, 2002, she had not filed her 2001 return and had not fully paid her tax liability for 2001.

Petitioner, however, claims that she has now filed her return and fully paid her tax liability for 2001.[3]  Even if this is so, it does not appear that respondent abused his discretion in determining to proceed with collection.  After the section 6330 hearing and prior to issuing the notice of determination, Appeals Officer Mountjoy spoke with petitioner's counsel, and he advised Appeals Officer Mountjoy that he believed that petitioner was not entitled to an installment agreement.

Additionally, respondent's determination was based on the financial information provided to him by petitioner.  See Schulman v. Commissioner, supra.  Respondent allowed certain expenses in amounts greater than those originally claimed by petitioner.[4]  On the basis of all the information provided by petitioner, respondent prepared a monthly income and expense analysis and determined that petitioner had income net of necessary living expenses of $5,599 per month that could be applied to petitioner's outstanding 1997 and 1999 tax liabilities.

---

[3]  Petitioner attached a Form 1040 for 2001 to the response. This return is not signed or dated by petitioner or the paid preparer listed on the form, and there is no evidence of any payment made by petitioner.  Additionally, there is no evidence that petitioner submitted this return to the Internal Revenue Service.  Furthermore, in the petition petitioner admitted that she had not paid her 2001 tax liability in full.

[4]  Petitioner listed her total monthly living expenses to be $8,607; however, respondent calculated petitioner's total allowable monthly expenses to be $17,174.

Respondent also determined that the proposed installment plan would be difficult to monitor. We agree. Because petitioner's net income fluctuates monthly, respondent would be forced to audit continually the correctness of the income and deductions petitioner claimed. Furthermore, the proposed installment plan left uncertain whether petitioner would fully pay her outstanding liabilities within the periods of limitations on collection. We conclude that respondent gave due consideration to the proposed installment plan, and his determination was reasonable.

Petitioner has failed to raise a spousal defense or make a valid challenge to the appropriateness of respondent's intended collection action. These issues are now deemed conceded. Rule 331(b)(4). Accordingly, we conclude that respondent did not abuse his discretion by refusing to accept the proposed installment plan, and we sustain respondent's determination to proceed with collection with respect to petitioner's 1997 and 1999 tax years.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.