T.C. Memo. 2010-234

UNITED STATES TAX COURT

MORDECHAI ORIAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

GLOBAL HORIZONS, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 26466-07L, 10791-08L.  Filed October 25, 2010.

Ps filed petitions for judicial review pursuant to sec. 6320 and/or 6330, I.R.C., in response to determinations by R that lien and levy action was appropriate.

<u>Held</u>:  R's filing of the lien and levy to protect the Government's interest does not constitute an abuse of discretion.  R's determination to proceed with collection action is sustained.

Mordechai Orian, pro se in docket No. 26466-07L.

Mordechai Orian (an officer), for petitioner in docket No. 10791-08L.

<u>Elaine Fuller</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WHERRY, Judge:  These consolidated cases are before the Court on petitions for review of Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notices of determination).[1]  Petitioner Mordechai Orian (Mr. Orian) seeks judicial review of respondent's determination to proceed with a filed lien and a proposed levy.  These collection actions concern Mr. Orian's section 6672 penalty resulting from Global Horizons, Inc.'s unpaid employment taxes with respect to Form 943, Employer's Annual Federal Tax Return for Agricultural Employees, for all four quarters of the 2005 taxable year.  Review is also sought with respect to respondent's determination to proceed with a proposed levy against petitioner Global Horizons, Inc. (Global Horizons), with respect to its unpaid Form 943 employment taxes for all four quarters of the 2005 taxable year.  The issues for decision are:

(1) Whether Mr. Orian is precluded from contesting his underlying liability under section 6330(c)(2)(B);

(2) whether petitioners' challenge to application of payments for the 2005 tax year constitutes an impermissible challenge;

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended.

(3) whether respondent's determination to proceed with a proposed lien and a levy concerning Mr. Orian's 2005 section 6672 trust fund recovery penalty constitutes an abuse of discretion; and

(4) whether respondent's determination to proceed with a proposed levy concerning Global Horizons' 2005 employment tax liability constitutes an abuse of discretion.

FINDINGS OF FACT

Some of the facts have been stipulated. The stipulations, with accompanying exhibits, are incorporated herein by this reference. At the time the petition was filed, Mr. Orian resided in California and Global Horizons was a California corporation with its principal business address in Los Angeles, California. During the year at issue, 2005, Mr. Orian was a shareholder and president of Global Horizons, a company in the business of obtaining workers for temporary jobs, primarily agricultural. Global Horizons filed Forms 941, Employer's Quarterly Federal Tax Return, for the periods ending March 31, June 30, and September 30, 2005. Global Horizons subsequently submitted amended Forms 941 and Forms 941c, Supporting Statement to Correct Information, for the periods ending March 31, June 30, and September 30, 2005. Global Horizons also filed its Form 943 tax return for the 2005 tax year.

Abatements of tax were processed for the periods ending March 31 and June 30, 2005. With regard to the March 31, 2005, abatement, $271,806.60 was applied to Global Horizons' unpaid 2003 Form 941 employment tax liabilities. The remaining $466,335.20 was applied to Global Horizons' Form 941 employment tax liabilities for the period ending September 30, 2005. The $616,336.35 June 30, 2005, abatement, together with $67,464.40 of overpaid Form 943 tax for the period ending December 31, 2004, a $58 December 19, 2005, payment less a $134.98 December 19, 2005, refund, were applied as follows: $56,666.22 to tax, interest, penalty, and costs for Form 941 tax for June 30, 2005; $166,251.34 to Global Horizons' unpaid Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, tax for the period ending December 31, 2005; and $33,366.62 to Global Horizons' unpaid Form 941 employment tax liabilities for the period ending September 30, 2005. The remainder of the June 30, 2005, abatement, $427,439.59, was applied to Global Horizons' unpaid Form 943 employment tax liabilities for the period ending December 31, 2005.

An additional abatement of $102,709.41 was stipulated by the parties and is still due with respect to the amended Form 941 and the Form 941c submitted by Global Horizons for the period ending September 30, 2005. This abatement should be applied to Global Horizons' Form 943 liability for the 2005 taxable year.

Global Horizons made payments and tax deposits totaling $308,688.75 with respect to its Form 941 employment tax liability for the 2005 taxable year.  A tax deposit penalty of $5,281.99 was assessed against Global Horizons with respect to its Form 941 tax liability for 2005.

Global Horizons' Form 941 filed for the period ending December 30, 2005, reported a liability of $52,819.93 (without any consideration of the $5,281.99 tax deposit penalty) and an overpayment of $251,347.95, while respondent's records indicate an overpayment of $250,586.83.[2]  Global Horizons requested that the overpayment of $250,586.83 be applied to its Form 943 liability, presumably for 2005.  However, respondent initially applied the overpayment to Global Horizons' Form 941 employment tax return for the period ending March 31, 2006, and then to Global Horizons' 2005 Form 943 liability in the amount of $236,294.80.[3]

---

[2]The record does not disclose the basis for the $761.12 difference before consideration of the $5,281.99 tax deposit penalty.  After consideration of the penalty, the difference is $4,520.87, which arises from the claimed amount of total tax deposits that Global Horizons' Form 941 indicates was $304,167.88 while respondent's records indicate the amount was $308,688.75. As Global Horizons has failed to show how its deposit total was derived or file a brief in these cases, we shall accept respondent's $308,688.75 amount.

[3]The record in these cases does not contain a computer transcript or Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, for Global Horizons' Mar. 31, 2006, Form 941 tax liability.  Therefore, the Court cannot verify that
(continued...)

On account of an alleged unpaid Form 940 and Form 943 liabilities for the 2005 tax year, a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (CDP levy notice) was sent to Global Horizons on September 22, 2006.[4]  Global Horizons timely filed a Form 12153, Request for a Collection Due Process Hearing (CDP hearing request).

At its collection due process hearing (CDP hearing), Global Horizons asserted that the liability on its Form 943 was incorrectly reported.  Global Horizons claimed its Form 943 liability for the 2005 tax year should be reduced because some of its workers were H-2A visa holders who were exempt from income and employment taxes.  Additionally, Global Horizons questioned whether all its credits had been properly applied to its Form 943 liability for the 2005 tax year.  No resolution of the underlying liability was reached, and Global Horizons did not provide financial information with which a collection alternative could be considered.  Accordingly, a notice of determination sustaining the proposed levy action was issued to Global Horizons on April 8, 2008.

---

[3](...continued)
all overpayments were properly credited.  However, because petitioners failed to raise this issue at trial or file a brief in these cases, the Court accepts the record as it stands.

[4]At the time the CDP levy notice was sent, Global Horizons also had an unpaid Form 940 tax liability for the 2005 tax year. This liability has since been paid.

Also because of Global Horizons' allegedly unpaid Form 943 liability for the 2005 tax year, Letter 1153, Notice of Proposed Assessment (proposed assessment), of the 100-percent responsible person penalty, pursuant to section 6672, was sent to Mr. Orian at his last known address on January 25, 2007, by certified mail. Mr. Orian did not file a timely protest with regard to the proposed assessment, and a trust fund recovery penalty of $1,527,380.09 was assessed against him on April 24, 2007, with respect to Global Horizons' Form 943 liability for the 2005 tax year. A CDP levy notice was sent to Mr. Orian at his last known address on May 30, 2007, and Mr. Orian on June 6, 2007, timely filed a CDP hearing request with respect to the CDP levy notice.

On June 12, 2007, Letter 3172, Notice of Federal Tax Lien and Your Right to a Hearing (CDP lien notice) was sent to Mr. Orian. On June 14 or 15, 2007, Mr. Orian timely filed a CDP hearing request with respect to the CDP lien notice.[5]

At his CDP hearing on September 4, 2007, Mr. Orian disputed the underlying tax liabilities, claiming that the Form 943 as filed was incorrect because some of Global Horizons' workers were H-2A visa holders. Respondent's settlement officer concluded: "Orian is <u>not</u> precluded from raising arguments regarding the

_____

[5]The Form 12153 is stamped as received on June 15, 2007, but the settlement officer's memorandum attached to the notice of determination indicates that a faxed copy was received by the Internal Revenue Service on June 14, 2007.

underlying liability as a part of this CDP hearing" and stated further:  "The file * * * contains no evidence that Orian actually received the proposed notices (L-1153 & Form 2751) by certified mail".  Mr. Orian presented Forms 1099-MISC, Miscellaneous Income (Form 1099), in support of his assertion that the amounts paid to H-2A visa holders were not subject to income and employment tax and that the trust fund amount assessed against him should be reduced.  At his CDP hearing, Mr. Orian also requested collection alternatives including an offer-in-compromise and questioned whether payments made by Global Horizons toward its Form 941 tax liability had been applied properly.  No resolution of the underlying liability was reached during Mr. Orian's CDP hearing.

At the time of his CDP hearing, Mr. Orian had not filed his individual income tax returns for the taxable years 2005 and 2006.  The notice of determination indicates in the attached settlement officer's memorandum that Mr. Orian was advised that in order to qualify for collection alternatives, he would need to file his outstanding and past due 2005 and 2006 Federal income tax returns, furnish financial information, including a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and (if appropriate) Form 433-B, Collection Information Statement for Businesses, with all supporting documentation, and for an offer-in-compromise, file Form 656,

Offer in Compromise.  Because none of these requirements was met by the October 9, 2007, deadline, the settlement officer recommended and the Internal Revenue Service Office of Appeals (Appeals) held that petitioners did not qualify for collection alternatives. Notices of determination concerning collection action for the filed lien and the proposed levy were sent to Mr. Orian on October 23 and 24, 2007, respectively.

OPINION

## I.   Mr. Orian's Underlying Liability

Section 6320(a) and (b) provides that a taxpayer shall be notified in writing by the Commissioner of the filing of a notice of Federal tax lien and provided with an opportunity for an administrative hearing.  An administrative hearing under section 6320 is conducted in accordance with the procedural requirements of section 6330.  Sec. 6320(c).

Section 6331(a) authorizes the Commissioner to levy upon property or property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after a notice and demand for payment is made.  Section 6331(d) provides that the levy authorized in section 6331(a) may be made with respect to unpaid tax liability only if the Commissioner has given written notice to the taxpayer 30 days before the levy.  Section 6330(a) requires the Commissioner to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's

right to a section 6330 hearing at least 30 days before the levy is begun.

If an administrative hearing is requested in a lien or levy case, the hearing is to be conducted by the Appeals office. Secs. 6320(b)(1), 6330(b)(1).  At the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met.  Secs. 6320(c), 6330(c)(1).  The taxpayer may raise any relevant issue with regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the proposed levy, and alternative means of collection.  Sec. 6330(c)(2)(A); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). Taxpayers are expected to provide all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing. Secs. 301.6320-1(e)(1), 301.6330-1(e)(1), Proced. & Admin. Regs.

If a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182.  We review any other administrative determination regarding the proposed collection action for abuse of discretion.  Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182.  If raised at a

hearing by the taxpayer, a taxpayer's underlying liability is properly at issue in a section 6330 collection case if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B).  A taxpayer generally is treated as not having had an opportunity to dispute a liability that is self reported as due on a return.  Montgomery v. Commissioner, 122 T.C. 1, 9 (2004).  However, a taxpayer cannot challenge an underlying liability in a CDP hearing, and therefore this Court cannot review that liability, if the taxpayer received a notice of deficiency or otherwise had a previous opportunity to dispute the underlying liability.  Sec. 6330(c)(2)(B).

Mr. Orian claims he never received the proposed assessment. Similarly, respondent argues that the proposed assessment was sent by certified mail to Mr. Orian at his last known address, but he did not avail himself of his opportunity to contest the proposed assessment within the time prescribed.  On these facts, respondent asserts that Mr. Orian is barred from bringing his underlying liability before the Court.

Because the assessment against Mr. Orian was a trust fund penalty, respondent properly issued a proposed assessment under section 6672(b)(1), rather than a notice of deficiency.  See secs. 6212(a), 6672(b).  In respondent's opinion, a section

6672(b)(1) notice provides a taxpayer with the means for protesting a proposed trust fund penalty assessment administratively with the Commissioner.  See sec. 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs.; see also Mason v. Commissioner, 132 T.C. 301, 316 (2009).  It follows that where a taxpayer has not received a section 6672(b)(1) notice, or in this case the proposed assessment, then that taxpayer has not been afforded an opportunity to dispute the underlying tax liability.

Documentary evidence of mailing may suffice as proof that a notice of deficiency was properly mailed to a taxpayer.  Coleman v. Commissioner, 94 T.C. 82, 90-91 (1990).  When a proposed assessment is mailed, the Commissioner must follow the same mailing procedures that are provided for notices of deficiency in section 6212(b).  Sec. 6672(b)(1).  Hence, the same evidence that establishes that the Commissioner mailed a notice of deficiency to a taxpayer's last known address is sufficient to establish that the Commissioner properly sent a proposed assessment.  Mason v. Commissioner, supra at 318; Hickey v. Commissioner, T.C. Memo. 2009-2.

Respondent has established that a proposed assessment was sent by certified mail to Mr. Orian's last known address; that it was not returned; and that, according to the U.S. Postal Service's Web site, it was delivered on July 13, 2007.  While Mr. Orian testified that he had no memory of receiving the letter and

was frequently out of town, actual personal receipt of the proposed assessment following its delivery to the taxpayer's home is not required in order to prove that the Commissioner provided the required preliminary notice. Hickey v. Commissioner, supra.

Accordingly, Mr. Orian has not met the burden of proof requirements to overcome the presumption that he received the proposed assessment. Because respondent has met the requirements of section 6672(b)(1), the Court finds that Mr. Orian otherwise had an opportunity to contest his underlying liability. See Pough v. Commissioner, 135 T.C. ___, ___ (2010) (slip op. at 10). Consequently, Mr. Orian's liability for the trust fund penalty is not properly in issue, and we review respondent's determination of the proposed collection actions against Mr. Orian for abuse of discretion.

## II. Application of Payments

Respondent argues that both petitioners are precluded from challenging the manner in which payments made by Global Horizons were applied. Respondent asserts that Global Horizons is precluded from pursuing this issue because it did not raise the issue at its CDP hearing and Mr. Orian is precluded because the issue constitutes an impermissible challenge to his underlying liability.

In reviewing for abuse of discretion under section 6330(d)(1), generally the Court may consider only arguments,

issues, and other matters that were raised at the CDP hearing or otherwise brought to the attention of Appeals. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); Magana v. Commissioner, 118 T.C. 488, 493 (2002); see also Porter v. Commissioner, 130 T.C. 115, 117 (2008) (when determining whether a taxpayer is entitled to relief under section 6015, the Court may consider evidence introduced at trial but not included in the administrative record); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

According to the record, both Mr. Orian and Global Horizons questioned at their respective CDP hearings whether all credits and payments made by Global Horizons with regard to its 2005 tax liability had been properly applied to its Form 943 liability. The Court considers that a challenge to the application of payments to the taxpayer's overall liability is sufficient to preserve the issue for review. We disagree with respondent that because petitioners did not specifically dispute the "allocation of payments to the non-trust fund (as opposed to the trust fund) portion of the tax during the CDP Hearings", they are precluded from raising the issue with the Court.

This Court held in Kovacevich v. Commissioner, T.C. Memo. 2009-160, that "questions about whether a particular check was properly credited to a particular taxpayer's account for a particular tax year are not challenges to his underlying tax

liability." See also Freije v. Commissioner, 125 T.C. 14, 26-27 (2005). The Court in Kovacevich v. Commissioner, supra note 10, distinguished instances in which taxpayers assert they are due refunds from prior years, as these types of challenges are considered a challenge to the taxpayer's underlying liability. See also Perkins v. Commissioner, 129 T.C. 58 (2007); Landry v. Commissioner, 116 T.C. 60 (2001).

Petitioners, like the taxpayers in Kovacevich, are questioning the application of payments, not claiming they are due refunds. Accordingly, the Court finds that neither petitioner is barred from challenging respondent's application of payments with regards to Global Horizons' 2005 tax liability. Consequently, we review respondent's application of payments for abuse of discretion. See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182.

Petitioners contend that respondent was obliged to apply payments made towards Global Horizons' Form 941 tax liability for the first, second, third, and fourth quarters of 2005 against the balance of its Form 943 trust fund tax liability for 2005. Specifically, petitioners allege that the abatements of tax credited to Global Horizons because of overpayments of its Form 941 tax liability for the periods ending March 31 and June 30, 2005, should have been credited to its 2005 Form 943 tax liability. Additionally, petitioners claim that respondent's

disregard of Global Horizons' request that the overpayment of $250,586.83 for its December 30, 2005, Form 941 tax liability be applied to its Form 943 liability for 2005 is an abuse of discretion.

When a taxpayer owing more than one tax or owing tax for more than one year makes voluntary payments to the Commissioner, he or she may, by specific written directions, assign the application of those payments to any portion of the liability. Tull v. United States, 69 F.3d 394, 396 (9th Cir. 1995); Wood v. United States, 808 F.2d 411, 416 (5th Cir. 1987); O'Dell v. United States, 326 F.2d 451, 456 (10th Cir. 1964); see also Rev. Proc. 2002-26, 2002-1 C.B. 746. Under the voluntary payment rule, when a taxpayer who has outstanding tax liabilities voluntarily makes a payment, the Commissioner usually will honor the taxpayer's request as to how to apply that payment. United States v. Ryan, 64 F.3d 1516, 1522 (11th Cir. 1995). However, section 6402(a) and the regulations promulgated thereunder demonstrate that a taxpayer's right to designate the application of his voluntary payment does not extend to an overpayment reported on a return.

Section 6402(a) allows the Commissioner to credit an "overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment" and, subject to certain

limitations, refund any balance to the person. In lieu of a refund, a taxpayer can instruct the Commissioner to credit his overpayment against the estimated tax for the taxable year immediately succeeding the year of the overpayment. Sec. 301.6402-3(a)(5), Proced. & Admin. Regs. The Commissioner need only refund, or apply to the taxpayer's estimated tax, that portion of the overpayment that exceeds the taxpayer's "outstanding liability for any tax". Sec. 301.6402-3(a)(6), Proced. & Admin. Regs.; see N. States Power Co. v. United States, 73 F.3d 764, 767 (8th Cir. 1996) ("'[Section] 6402(a), plainly gives the * * * [Commissioner] the discretion to apply overpayments to any tax liability.'" (quoting United States v. Ryan, supra at 1523)); Pettibone Corp. v. United States, 34 F.3d 536, 538 (7th Cir. 1994) (section 6402(a) "leaves to the Commissioner's discretion whether to apply overpayments to delinquencies or to refund them to the taxpayer").

Respondent's partial application of Global Horizons' 2005 overpayment to its 2005 and 2006 Form 941 tax liabilities falls within respondent's authority to credit overpayments to any liability for any tax year and, therefore, was proper and not an abuse of discretion. See also Bryant v. Commissioner, T.C. Memo. 2009-78, affd. ___ Fed. Appx. ___ (6th Cir., Oct. 12, 2010); Richmond v. Commissioner, T.C. Memo. 2005-238.

III. <u>Abuse of Discretion</u>

In the light of our conclusions <u>supra</u> regarding challenges to the underlying liabilities and application of payments, disposition of these cases rests upon whether the record reflects an abuse of discretion on the part of respondent in determining to proceed with collection efforts in the form of the filed lien and the proposed levies.  Under this standard, action constitutes an abuse of discretion where it is arbitrary, capricious, or without sound basis in fact or law.  <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).  The Court considers whether the Commissioner committed an abuse of discretion in rejecting a taxpayer's position with respect to any relevant issues, including those items enumerated in section 6330(c)(2)(A); i.e., spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives.

Whether an abuse of discretion has occurred depends upon whether the exercise of discretion is without sound basis in fact or law.  <u>Freije v. Commissioner</u>, 125 T.C. at 23.  At the hearing, generally, the Appeals officer must consider the above-stated issues raised by the taxpayer, verify that the requirements of applicable law and administrative procedure have been met, and consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more

intrusive than necessary." Sec. 6330(c)(3)(C). Consequently, an Appeals officer must verify that the underlying tax was properly assessed.

An Appeals officer may rely on a computer transcript or Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, to verify that a valid assessment was made and that a notice and demand for payment was sent to the taxpayer in accordance with section 6303. Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Schaper v. Commissioner, T.C. Memo. 2002-203; Schroeder v. Commissioner, T.C. Memo. 2002-190. Absent a showing of irregularity, a transcript that shows such information is sufficient to establish that the procedural requirements of section 6330 have been met. Nestor v. Commissioner, supra at 166; see sec. 6330(c)(1), (3).

It is ordinarily not an abuse of discretion for an Appeals officer to reject an offer-in-compromise and sustain the Commissioner's proposed collection action where the taxpayer has failed to submit requested financial information timely. See, e.g., Shanley v. Commissioner, T.C. Memo. 2009-17 (citing Prater v. Commissioner, T.C. Memo. 2007-241, Chandler v. Commissioner, T.C. Memo. 2005-99, and Roman v. Commissioner, T.C. Memo. 2004-20).

Petitioners raised no issues at their respective CDP hearings other than the application of the H-2A visas of Global

Horizons' employees and the proper allocation of payments to Global Horizons' 2005 employment tax liability.

The Appeals settlement officer assigned to Mr. Orian's CDP hearing reviewed the documentation provided to substantiate the H-2A visas, namely the Forms 1099. The Appeals settlement officer questioned the accuracy of the Social Security numbers and addresses listed on the Forms 1099 and noted his "enormous trepidation" with regard to any abatement of Global Horizons' Form 943 liability based on the documentation provided. Petitioners presented no further documentation to substantiate the application of H-2A employee visas to the abatement of the Form 943 tax liability.

Following Mr. Orian's CDP hearing, the Appeals settlement officer conducted a thorough investigation of the application of credits generated by Global Horizons' payments for its Form 941 liability to its Form 943 liability for the 2005 tax year, including a review of the applicable Forms 4340. The Appeals settlement officer determined that respondent had followed all correct procedures in the assertion and the computation of the trust fund penalty assessed against Mr. Orian.

The Appeals settlement officer assigned to Global Horizons' CDP hearing also thoroughly reviewed the Forms 4340. She too determined that respondent followed all correct procedures and

verified the accuracy of the levy proposed against Global Horizons.

The Court has reviewed the record, in particular the Forms 4340 for petitioners' 2005 tax year, and finds that the procedural requirements of section 6330 have been met. See sec. 6330(c)(1); sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

The request for a CDP hearing submitted by Global Horizons did not articulate a desire for any specific collection action, although the two requests submitted by Mr. Orian proposed both an offer-in-compromise and an installment arrangement. However, Mr. Orian never submitted a proposal for payment or resolution of the unpaid trust fund liability during his CDP hearing. Additionally, petitioners provided no financial information at their CDP hearings, and they were not in filing compliance during the time their CDP cases were pending before Appeals.

Accordingly, both Appeals settlement officers determined to proceed with the lien and levy actions, and did not entertain an installment agreement or other collection alternatives, because petitioners failed to fulfill two prerequisites for consideration of such alternatives: (1) Submission of financial information sufficient to enable the Commissioner to evaluate collection potential; and (2) a showing of compliance with obligations to make estimated tax payments for the following year (2006).

In the light of this history and on this record, respondent committed no abuse of discretion in concluding that petitioners would not be eligible for an offer-in-compromise or a similar collection alternative.

In conclusion, the facts of these cases do not establish any abuse of discretion on respondent's part.  The Court will sustain respondent's proposed collection actions as to the 2005 tax year.

The Court has considered all of petitioners' contentions, arguments, requests, and statements.  To the extent not discussed herein, the Court concludes that they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Appropriate orders and</u>

<u>decisions will be entered</u>.