T.C. Memo. 2014-89

UNITED STATES TAX COURT

ESTATE OF FRANKLIN Z. ADELL, DECEASED, KEVIN R. ADELL,
TEMPORARY CO-PERSONAL REPRESENTATIVE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24412-12L.                    Filed May 15, 2014.

Denis John Conlon, Steven Spencer Brown, and Royal B. Martin, Jr., for petitioner.

Angela B. Reynolds, for respondent.

MEMORANDUM OPINION

KERRIGAN, Judge:  The petition in this case was filed in response to a

Notice of Determination Concerning Collection Action(s) Under Section 6320

and/or 6330 (notice of determination) dated September 19, 2012, upholding

[*2] collection of the estate's unpaid gift tax liability for tax year 2006. We must consider whether respondent's determination to proceed with collection was proper.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

## Background

This case was fully stipulated under Rule 122. The stipulated facts are incorporated in our findings by this reference. The estate's representative is the son of the decedent, and he lives in Florida. The petition includes a Michigan address.

On August 13, 2006, the decedent died while a resident of Michigan, and his will was probated in Michigan. In 2006, before his death, the decedent paid a $6,667,018 legal judgment (judgment) entered against his son.

On November 13, 2007, the estate filed timely a Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, which reported the amount of the judgment as a loan receivable by the estate and thus an asset of the gross estate. On this return the estate made an election under section 6166 to defer

[*3] payment of a portion of the estate tax for five years and to pay the estate tax in installments. The November 13, 2007, estate tax return and accompanying schedules indicate that the estate owned three closely held businesses having the following values:

| Company | Value |
|---|---|
| Birmingham Properties, Inc. | $960,166 |
| STN.com, Inc. | 9,300,000 |
| Adell Broadcasting Corp. | 6,000,000 |

The November 13, 2007, estate tax return and schedules reported $15,288,517 of total estate tax due. The estate paid the $8,094,558 portion of the estate tax that could not be deferred under the estate's section 6166 election at the time it submitted the estate tax return. Payment of the remaining $7,193,960 of estate tax was deferred.[1] On December 17, 2007, respondent assessed $15,288,517 of estate tax against the estate on the basis of the estate's November 13, 2007, estate tax return.

---

[1]On August 6, 2012, respondent issued a notice of final determination to the estate that the estate's election under sec. 6166 had terminated on the ground that the estate failed to pay the installments as they came due. We upheld the termination of the election. Estate of Adell v. Commissioner, T.C. Memo. 2013-228.

[*4]  On November 17, 2008, the estate filed an amended Form 706 (first amended estate tax return), which reclassified the judgment as a taxable gift, and a Form 709, United States Gift (and Generation-Skipping Transfer) Tax Return, which reported the judgment as a taxable gift.  The gift tax return showed $2,889,108 of gift tax due.

On August 10, 2010, the estate filed a second amended Form 706 (second amended estate tax return).  The second amended estate tax return reported the value of STN.com, Inc., as zero and classified the judgment as a taxable gift.

On October 11, 2010, respondent assessed $2,889,108 of gift tax on the basis of the gift tax return.  Respondent also assessed a $650,049 penalty for late filing of the gift tax return, a $606,713 penalty for late payment of the gift tax, and $742,847 of interest.

The estate's reporting and respondent's assessment of the gift tax created a situation in which the judgment was included in both the estate tax assessment and the gift tax assessment.

On November 9, 2010, respondent issued two notices of deficiency:  one regarding the estate tax liability and the other regarding the gift tax liability.  The estate tax notice of deficiency determined that the estate owed $39,673,096 of estate tax.  The estate tax notice of deficiency included the $6,667,018 judgment

**[\*5]** as an asset of the gross estate.  The gift tax notice of deficiency determined that the estate owed $2,889,108 of gift tax, equal to the amount self-assessed on the gift tax return plus an additional $71,563 of unreported gift tax.

A timely petition was filed in this Court in response to the estate tax notice of deficiency, and that case is pending at docket No. 1188-11.  The estate contends that the estate tax notice of deficiency is erroneous because it includes the judgment as an asset of the taxable estate and overvalues STN.com, Inc.  The case at docket No. 1188-11 was tried in December 2012.

No petition was filed with this Court in response to the gift tax notice of deficiency.  On December 6, 2010, the estate filed a protest letter with respondent concerning the 2006 gift tax liability.  The protest letter requested that respondent (1) stay all collection actions; (2) consolidate consideration of the gift tax liability with consideration of the estate tax liability; and (3) abate the penalties.  The estate requested that respondent abate the penalties on the grounds that the judgment had already been reported as an asset on the November 13, 2007, estate tax return and that the gift tax liability could be satisfied by applying the $8,094,558 estate tax payment against the gift tax liability.  The estate's protest letter was assigned to an Appeals officer for consideration.

[*6]   On June 13, 2011, respondent assessed the additional $71,563 of gift tax that respondent had determined in the gift tax notice of deficiency plus $137,821 of interest for tax year 2006.

On February 1, 2012, respondent sent the estate a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, with respect to the 2006 gift tax.  On February 7, 2012, the estate filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request), regarding the Letter 1058.

On February 14, 2012, respondent sent the estate a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing under I.R.C. § 6320, notifying the estate that respondent had filed a notice of Federal tax lien (NFTL) with respect to the 2006 gift tax.  On March 15, 2012, the estate filed a CDP hearing request regarding the Letter 3172.

On March 19, 2012, a settlement officer sent the estate a letter scheduling a telephone collection due process (CDP) conference for April 19, 2012, to address the proposed levy.  On April 19, 2012, the settlement officer sent the estate a letter requesting that the estate provide within 14 days any information it would like the settlement officer to consider.

[*7] On April 20, 2012, the settlement officer sent a letter scheduling a telephone CDP hearing for May 8, 2012, to address the NFTL. On April 26, 2012, the estate's counsel sent a letter to the settlement officer stating that the $8,094,558 estate tax payment should be applied against the $2,889,108 gift tax liability. On May 8, 2012, the telephone CDP conference was held. The estate's counsel contended that because the judgment was included in both the estate tax assessment and the gift tax assessment, it should be removed from one of the accounts. The estate's counsel further contended that if respondent were to sustain the gift tax assessment, respondent should transfer the $8,094,558 estate tax payment to the gift tax account to satisfy the gift tax liability.

On May 14, 2012, the settlement officer informed the estate that respondent would suspend the CDP proceedings until the Appeals Office determined whether the judgment should be included in the estate tax assessment or the gift tax assessment. On July 9, 2012, the Appeals Office determined that the judgment should be included in the gift tax assessment.[2]

On July 10, 2012, the estate's counsel sent a letter to the settlement officer stating that the $8,094,558 estate tax payment should be applied against the

_____

[2]On November 13, 2012, the estate and respondent filed a stipulation of settled issues in the case at docket No. 1188-11, stating that the judgment was a taxable gift rather than an asset of the estate.

[*8] $2,889,108 gift tax liability. The letter also requested that respondent issue a notice of determination. On July 11, 2012, the estate's counsel informed the settlement officer that the estate did not wish to pursue a collection alternative because the estate tax payment should be applied against the gift tax liability. The estate's counsel reiterated his request that the settlement officer issue a notice of determination.

On August 13, 2012, the Appeals officer sent a letter to the estate disallowing the claim for abatement of gift tax, penalties, and interest. The letter noted that (1) the gift tax return was due on April 15, 2007, but the Internal Revenue Service (IRS) did not receive it until September 2, 2010; (2) in addition to the judgment, the decedent made gifts of $88,000 in 2005 and $79,571 in 2006, for which gift tax returns were due but never filed; and (3) there was no overpayment of estate tax available to apply against the gift tax liability because the estate remained liable for the deferred portion of the estate tax and that the case at docket No. 1188-11 was still pending in this Court. As of July 13, 2012, the assessed estate tax balance was $7,193,960 of deferred estate tax plus $779,716 of interest.

On September 19, 2012, respondent sent petitioner the notice of determination sustaining the proposed levy and NFTL. In the notice of

**[*9]** determination the settlement officer verified that all the requirements of applicable law had been met, considered the issues the estate raised, and determined that the proposed collection action appropriately balanced the need for the efficient collection of taxes with the legitimate concern of the estate that the collection action be no more intrusive than necessary.

## Discussion

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after notice and demand. Before the Secretary may levy upon the taxpayer's property, the Secretary must notify the taxpayer of the Secretary's intention to levy. Sec. 6331(d)(1). The Secretary must also notify the taxpayer of his or her right to a CDP hearing. Sec. 6330(a)(1).

The Federal Government obtains a Federal tax lien against the property and rights to property, whether real or personal, of a taxpayer with an outstanding tax liability whenever a demand for payment has been made and the taxpayer neglects or refuses to pay. Sec. 6321; Iannone v. Commissioner, 122 T.C. 287, 293 (2004). Section 6320(a)(1) requires the Secretary to provide written notice to a taxpayer when the Secretary has filed an NFTL against the taxpayer's property and property

[*10] rights.  See also sec. 6321.  The Secretary must also notify the taxpayer of his or her right to a CDP hearing.  Sec. 6320(a)(3).

If the taxpayer requests a CDP hearing, the hearing is conducted by the Appeals Office.  Secs. 6320(b)(1), 6330(b)(1).  At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection action.  Secs. 6320(c), 6330(c)(2)(A).  Once the settlement officer makes a determination, the taxpayer may appeal the determination to this Court.  Secs. 6320(c), 6330(d)(1).

Where the validity of the underlying tax liability is properly in issue, we review that matter de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).  Where the underlying liability is not in issue, we review the matter for abuse of discretion.  See Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182.

The estate contends that respondent should have credited the payment it made with the November 13, 2007, estate tax return against its gift tax liability.  There is some lack of uniformity in our precedents as to whether a de novo standard of review applies where (as appears to be true here) the controversy concerns the proper application, against the tax liability at issue in the CDP

[*11] hearing, of a credit, overpayment, or remittance.[3]  Because we would sustain respondent's determination in this case under either standard of review, we have no need to decide which one applies.  See Golub v. Commissioner, T.C. Memo. 2013-196, at *7.

The estate contends that it designated the November 13, 2007, payment be applied to the estate's gift tax liability.  The IRS allows a taxpayer to designate the application of a voluntary tax payment if the IRS has assessed one or more tax liabilities against the taxpayer when he or she submits the payment and the taxpayer provides specific, contemporaneous written directions for application of the payment.  Amos v. Commissioner, 47 T.C. 65, 69 (1966); Concert Staging Servs., Inc. v. Commissioner, T.C. Memo. 2011-231, slip op. at 17; see also Rev. Proc. 2002-26, 2002-1 C.B. 746.  If the taxpayer does not properly designate how a payment should be applied, the IRS generally applies the payment in a manner

---

[3]See Freije v. Commissioner, 125 T.C. 14, 23, 26-27 (2005).  Compare Landry v. Commissioner, 116 T.C. 60, 62 (2001) (applying de novo standard where taxpayer challenged application of overpayment credits, reasoning that "the validity of the underlying tax liability, i.e., the amount unpaid after application of credits to which petitioner is entitled, * * * [was] properly at issue"), with Kovacevich v. Commissioner, T.C. Memo. 2009-160, slip op. at 15 (applying abuse of discretion standard where taxpayer challenged application of tax payments), and Orian v. Commissioner, T.C. Memo. 2010-234, slip op. at 15 (same).

[*12] that best serves its interest. Davis v. United States, 961 F.2d 867, 878

(9th Cir. 1992); Concert Staging Servs., Inc. v. Commissioner, slip op. at 17; see

also Rev. Proc. 2002-26, supra.

The estate remitted the November 13, 2007, payment to respondent with the

November 13, 2007, estate tax return. As of December 17, 2007, respondent had

assessed only the estate tax against the estate. The estate did not file a gift tax

return until November 17, 2008, and respondent did not assess the gift tax liability

until October 11, 2010. Therefore, the estate could not have designated that the

November 13, 2007, payment be applied against the gift tax liability.

The estate contends that it made an overpayment of estate tax. Section

6402(a) authorizes the Commissioner to credit a taxpayer's overpayment against

any internal revenue tax liability of the taxpayer. See Weber v. Commissioner,

138 T.C. 348, 355-356 (2012). For a tax payable in installments, section 6403

provides that any overpayment of an installment must be applied first to any

unpaid installments. If the amount of the overpayment exceeds the full amount of

the tax due, then it may be credited or refunded as provided in section 6402. Sec.

6403; Estate of Bell v. Commissioner, 92 T.C. 714, 724 (1989), aff'd, 928 F.2d

901 (9th Cir. 1991).

[*13]  Respondent assessed $15,288,517 of estate tax on the basis of the original estate tax return.  The estate paid the $8,094,558 nondeferrable portion of the estate tax.  On its first amended estate tax return the estate reported $5,205,499 of nondeferrable estate tax, equal to the original nondeferrable portion of the estate tax less the amount of the estate tax attributable to the judgment.  The estate contends that it overpaid the nondeferrable portion of the estate tax by $2,889,108.

We have held that section 6403 applies in instances where the taxpayer makes an election under section 6166 and overpays the nondeferrable portion of the estate tax.  Estate of Bell v. Commissioner, 92 T.C. at 727.  We further held that under section 6403 the Commissioner must apply any overpayment of the nondeferrable portion to the deferred portion before the Commissioner can credit or refund the overpayment to the taxpayer.  Id.  The parties agree that, as of July 13, 2012, the estate had $7,193,960 of assessed deferred estate tax plus $779,716 of interest.  Even if the estate overpaid the nondeferrable portion, it did not pay more than the full amount of estate tax due.  Respondent did not have an available overpayment of estate tax to credit against the estate's gift tax liability.[4]

---

[4]Respondent's determination to terminate the estate's sec. 6166 election does not change this result because termination of the election simply causes the deferred portion to be due immediately rather at some later time.  Any overpayment of the nondeferrable portion must still be applied to the unpaid estate

(continued...)

[*14] We note that the estate is seeking relief from the estate tax due in the case at docket No. 1188-11.  In that case the estate contends that the settlement officer abused her discretion because she did not hold this case in abeyance pending resolution of the estate tax matter.  Regardless of the outcome in that case, our analysis in the instant case remains the same.  We review a settlement officer's determination using the information available at the time of his or her determination.  See Hoyle v. Commissioner, 131 T.C. at 201; Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); McCorkle v. Commissioner, T.C. Memo. 2003-34, slip op. at 6-7.  There was no estate tax overpayment available on September 19, 2012, to credit against the gift tax liability.

Section 6330(c)(3) requires the settlement officer to consider the following during a CDP hearing:  (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the NFTL or proposed levy action balances the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.  Lunsford v. Commissioner,

---

[4](...continued)
tax first even if payment is immediately due.  See Estate of Bell v. Commissioner, 92 T.C. 714, 727 (1989), aff'd, 928 F.2d 901 (9th Cir. 1991).

**[*15]** 117 T.C. 183, 184 (2001); <u>Diamond v. Commissioner</u>, T.C. Memo. 2012-90, slip op. at 6-7; <u>see also</u> sec. 6320(c).

The settlement officer based her determination on the required factors. The settlement officer (1) verified that all legal and procedural requirements were met, (2) considered the issues the estate raised, and (3) determined that the proposed collection action appropriately balanced the need for the efficient collection of taxes with the legitimate concern of the estate that the collection action be no more intrusive than necessary.

Consequently, we sustain the notice of determination to proceed with the proposed collection action. Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.