T.C. Memo. 2014-9

UNITED STATES TAX COURT

STEVEN R. ESTES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16528-11L.                    Filed January 13, 2014.

Steven R. Estes, pro se.

Jonathan M. Hauck and William John Gregg, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge:  The petition in this case was filed in response to a

Notice of Determination Concerning Collection Action(s) under Section 6320

and/or 6330 (notice of determination) for tax years 2004, 2005, and 2006.

**[\*2]**   Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

The issues for consideration are:  (1) whether petitioner's nonemployee compensation and wages constitute income under section 61(a); (2) whether petitioner is liable for additions to tax under sections 6651(a)(1) and (2) and 6654(a); and (3) whether respondent's determination to proceed with collection actions regarding petitioner's unpaid income tax liabilities for tax years 2004, 2005, and 2006 was proper.

## FINDINGS OF FACT

Some of the facts are stipulated and are so found.  We incorporate by reference the stipulation of facts and the attached exhibits.  Petitioner resided in Maryland when he filed the petition.

Petitioner did not file Forms 1040, U.S. Individual Income Tax Return, for tax years 2004, 2005, and 2006.  Petitioner did not have any Federal income tax withheld from his income for tax years 2004 and 2005, but he did have $5,156 withheld from his gross income for tax year 2006.  Petitioner did not make any estimated Federal income tax payments for tax year 2004, 2005, or 2006.  For each

[*3] tax year in issue respondent prepared a substitute for return, pursuant to section 6020(b), on petitioner's behalf using information reported by third-party payors.

In tax year 2004 petitioner received $49,714 in nonemployee compensation from Pingho Associates Corp. In tax year 2005 petitioner received $25,004 and $7,266 in nonemployee compensation from the Merge Computer Group, Inc., and Twin Stars Systems, Inc., respectively. In tax year 2006 petitioner received $44,550 in wages from ADECCO USA, Inc., and $4,872 in nonemployee compensation from Twinstars Corp.

On October 15, 2007, respondent issued petitioner two notices of deficiency, one for tax year 2004 and the other for tax year 2005. The notice of deficiency for tax year 2004 determined a deficiency of $13,330 and additions to tax pursuant to sections 6651(a)(1) and (2) and 6654(a) of $2,999, $1,866, and $387, respectively. The notice of deficiency for tax year 2005 determined a deficiency of $7,461 and additions to tax pursuant to sections 6651(a)(1) and (2) and 6654(a) of $1,679, $597, and $299, respectively. On January 12, 2009, respondent issued petitioner a notice of deficiency for tax year 2006 determining a deficiency of $7,402 and additions to tax pursuant to section 6651(a)(1) and (2) of $505 and $213, respectively.

[*4]    All three notices of deficiency were mailed to petitioner at an address in Arlington, Virginia.  The Arlington, Virginia, address was petitioner's last known address as listed in respondent's records when the notices were mailed.  All three notices of deficiency were returned to respondent unclaimed.  Petitioner did not receive any of the notices of deficiency and did not file a petition in response to any of these notices.

On June 1, 2010, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), with respect to his income tax liabilities for tax years 2004, 2005, and 2006.  The levy notice was mailed to petitioner's current address in Silver Spring, Maryland.  On July 23, 2010, petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing, regarding the proposed levy action.

On February 3, 2011, a settlement officer sent petitioner a letter scheduling a telephone conference call for March 16, 2011.  On March 16, 2011, petitioner called the settlement officer.  During the telephone conference petitioner (1) requested a face-to-face collection due process (CDP) hearing, (2) indicated that he wished to challenge the underlying liabilities with respect to all three years in issue, and (3) indicated that he never received a notice of deficiency for tax years 2004, 2005, and 2006.  Upon hearing petitioner's contention that he did not

[*5] receive any notice of deficiency, the settlement officer ended the telephone conference in order to verify it. After verifying that the notices of deficiency had been returned to respondent, the settlement officer called petitioner on April 6, 2011, and informed him that he could challenge the underlying liabilities and that his case would be reassigned to a new settlement officer.

On April 26, 2011, a second settlement officer mailed a letter to petitioner scheduling a telephone conference call for June 2, 2011. On May 9, 2011, the settlement officer called petitioner. The settlement officer (1) indicated that he could not approve petitioner's request for a face-to-face CDP hearing unless petitioner provided signed Forms 1040 for the years in issue, (2) declined petitioner's request to tape record the CDP hearing, and (3) indicated that petitioner would not be permitted to challenge his underlying liabilities for tax years 2004 through 2006 because notices of deficiency had been mailed to his last known address. Petitioner declined to provide signed Forms 1040.

On June 2, 2011, a telephone CDP hearing was held between the settlement officer and petitioner. Petitioner was not allowed to challenge the underlying liabilities for tax years 2004 through 2006 or to tape record the CDP hearing. On June 6, 2011, the settlement officer mailed petitioner a letter containing copies of the notices of deficiency for tax years 2004, 2005, and 2006.

**[*6]** On June 9, 2011, respondent issued petitioner a notice of determination sustaining the proposed levy action.

On July 13, 2011, petitioner filed a timely petition. In his petition, petitioner raised the following issues: (1) petitioner disputed the underlying liabilities for tax years 2004 through 2006; (2) petitioner did not receive timely notice of the notices of deficiency for tax years 2004 through 2006; (3) respondent was not authorized by law to prepare substitutes for returns; (4) the compensation petitioner received for tax years 2004 through 2006 was not income; (5) respondent did not specifically identify which provisions of the Code make petitioner liable for Federal income tax; (6) the settlement officer did not comply with the requirements of section 6501(c)(3) in conducting the CDP hearing; (7) respondent did not notify petitioner of his appeal rights; and (8) petitioner was not given an opportunity to dispute his underlying liabilities.

On May 11, 2012, respondent filed a motion to remand this case to respondent's Appeals Office to hold a new CDP hearing. On June 13, 2012, we granted respondent's motion and ordered respondent to provide a face-to-face CDP hearing at a reasonable and mutually agreed-upon date and time.

On July 12, 2012, a third settlement officer mailed petitioner a letter scheduling a telephone conference call for August 10, 2012. On July 26, 2012,

**[\*7]** petitioner mailed a letter to the settlement officer requesting that the CDP hearing be held face-to-face at the Appeals Office closest to his residence.

On August 10, 2012, a face-to-face CDP hearing was held between the settlement officer and petitioner. The settlement officer provided petitioner copies of the notices of deficiency and account transcripts for tax years 2004 through 2006. Petitioner indicated that he wished to challenge the underlying tax liabilities. The settlement officer informed petitioner that he could challenge the underlying liabilities by providing Forms 1040 for tax years 2004 through 2006. Petitioner declined to provide the settlement officer with any documents regarding his underlying liabilities.

On January 25, 2013, the settlement officer issued petitioner a supplemental notice of determination sustaining the proposed levy action.

OPINION

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after a notice and demand. Before the Secretary may levy upon the taxpayer's property, the Secretary must notify him or her of the Secretary's intention to make the levy. Sec. 6331(d)(1). The Secretary must also notify the taxpayer of his or her right to a CDP hearing. Sec. 6330(a)(1).

**[*8]** If the taxpayer requests a CDP hearing, the hearing is conducted by the Appeals Office. Sec. 6330(b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy. Sec. 6330(c)(2)(A). Once the settlement officer makes a determination, the taxpayer may appeal the determination to this Court. Sec. 6330(d)(1). The Court has jurisdiction to review the Commissioner's administrative determinations. Id.

I.      Standard of Review

Where the validity of the underlying tax liability is properly at issue, we review that matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000). A taxpayer may challenge the underlying tax liability during a CDP hearing if he or she did not receive a statutory notice of deficiency for the liability or did not otherwise have the opportunity to dispute the liability. Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 9 (2004). The Court considers an underlying tax liability on review only if the taxpayer properly raised the issue during the CDP hearing. Sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs.; see also Giamelli v. Commissioner, 129 T.C. 107, 115 (2007).

All three notices of deficiency were mailed to petitioner at an address in Arlington, Virginia. All three notices of deficiency were returned to respondent

[*9] unclaimed.  Because petitioner did not receive any of the notices of deficiency, he was unable to file a petition in response to any of them with this Court.

Respondent has confirmed that petitioner did not receive copies of the notices of deficiency until his CDP hearing.  Thus, petitioner could properly challenge the underlying tax liabilities at his CDP hearing.

Respondent contends that petitioner had a prior opportunity to contest his liabilities at the supplemental CDP hearing.  During petitioner's initial CDP hearing petitioner indicated that he would like to challenge his underlying liabilities for the years at issue, but he was not allowed to do so.  At the supplemental CDP hearing petitioner also indicated that he wished to challenge the underlying tax liabilities.  Respondent acknowledged in the notice of determination that petitioner had raised issues concerning his underlying liabilities during the CDP hearing.  See Cantrell v. Commissioner, T.C. Memo. 2012-257, at *5-*6.  Since petitioner did not receive statutory notices of deficiency for tax years 2004 through 2006 and did not otherwise have the opportunity to dispute the liabilities, we review his underlying liabilities de novo.

The Court reviews administrative determinations by the Commissioner's Appeals Office regarding nonliability issues for abuse of discretion.  Hoyle v.

**[\*10]** Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182.  In determining abuse of discretion, we consider whether the determination was arbitrary, capricious, or without sound basis in fact or law.  See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).  The Court does not conduct an independent review and substitute its judgment for that of the settlement officer.  Murphy v. Commissioner, 125 T.C. at 320.  Rather, if the settlement officer follows all statutory and administrative guidelines and provides a reasoned, balanced decision, the Court will not reweigh the equities.  Link v. Commissioner, T.C. Memo. 2013-53, at \*12.

## II.     Petitioner's Underlying Liabilities

Petitioner contends that the nonemployee compensation and wages he received for tax years 2004 through 2006 do not constitute income under section 61 and that he is not liable for additions to tax under sections 6651(a)(1) and (2) and 6654(a).

### A.     Unreported Income

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving those determinations are erroneous.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111,

**[\*11]** 115 (1933). In order to shift the burden, the taxpayer must comply with all substantiation and recordkeeping requirements and cooperate with all reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews pursuant to section 7491(a)(2). See Higbee v. Commissioner, 116 T.C. 438, 441 (2001). Petitioner did not argue that the burden should shift, and he failed to introduce credible evidence that respondent's determinations are incorrect. The burden of proof remains with petitioner.

Section 61 provides that "gross income means all income from whatever source derived". Section 61(a)(1) includes as income "[c]ompensation for services, including fees, commissions, fringe benefits, and similar items". The Supreme Court has held consistently that gross income "was used by Congress to exert in this field 'the full measure of the taxing power.'" Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429 (1955) (quoting Helvering v. Clifford, 309 U.S. 331, 334 (1940)). The individual earning the income is liable for the payment of the income tax. See Lucas v. Earl, 281 U.S. 111, 114-115 (1930). The taxpayer has the burden of demonstrating that his or her accession to wealth is exempt from taxation. Commissioner v. Glenshaw Glass Co., 348 U.S. at 430.

Petitioner, a resident of Maryland, is a taxpayer subject to Federal income tax who is obliged to file Federal income tax returns and to pay Federal income tax

[*12] on his income, specifically including nonemployee compensation and wages. See secs. 1, 61(a), 6012(a), 7701(a)(1), (14); see also United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981) ("Compensation for labor or services, paid in the form of wages or salary, has been universally held by the courts of this republic to be income, subject to the income tax laws currently applicable.").

At trial respondent provided a number of Forms 1099-MISC, Miscellaneous Income, a Form W-2, Wage and Tax Statement, and other documentation that indicated that petitioner had received nonemployee compensation and wages for tax years 2004 through 2006. Petitioner stipulated that he received nonemployee compensation and wages for tax years 2004 through 2006 in the amounts shown on the Forms 1099-MISC and Form W-2, and he did not provide any evidence to suggest that the amounts of income he received were different from the amounts stated in the notices of deficiency. We find that petitioner's nonemployee compensation and wages constitute income under section 61(a), and we sustain respondent's determinations.

B.    Addition to Tax

Under section 7491(c) the Commissioner has the burden of producing evidence with respect to a taxpayer's liability for any addition to tax. See Higbee

[*13] v. Commissioner, 116 T.C. at 446-447. To meet this burden of production, the Commissioner must come forward with sufficient evidence that it is appropriate to impose the addition to tax. Id. Once the Commissioner meets this burden, the taxpayer must come forward with evidence sufficient to persuade this Court that the determination is incorrect. Id.

Respondent determined that petitioner is liable under section 6651(a)(1) for an addition to tax for failure to timely file a return for each year in issue. Section 6651(a)(1) authorizes the imposition of an addition to tax for failure to timely file a return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. A failure to file a timely Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence but nevertheless was unable to file the return within the prescribed time. See sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a conscious, intentional failure to file or reckless indifference toward filing. United States v. Boyle, 469 U.S. 241, 245 (1985).

Respondent met the burden of production by introducing evidence that petitioner did not file timely returns for the years in issue. Petitioner did not introduce any evidence to explain his failure to do so. Consequently, we sustain respondent's determinations as to the section 6651(a)(1) addition to tax.

[*14] Respondent also determined that petitioner is liable under section 6651(a)(2) for additions to tax for failure to timely pay tax shown on a return for each year in issue. Section 6651(a)(2) imposes an addition to tax for failure to pay the amount of tax shown on a taxpayer's Federal income tax return on or before the payment due date unless such failure is due to reasonable cause and not due to willful neglect. The section 6651(a)(2) addition to tax applies only when an amount of tax is shown on a return filed by the taxpayer or prepared by the Secretary. Sec. 6651(a)(2), (g)(2); Cabirac v. Commissioner, 120 T.C. 163, 170 (2003). When a taxpayer has not filed a return, the section 6651(a)(2) addition to tax may not be imposed unless the Secretary has prepared a substitute for return that satisfies the requirements of section 6020(b). See Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

Respondent met the burden of production by producing evidence that respondent prepared a substitute for return for petitioner for each year in issue, each showed tax due, and petitioner did not pay the amount of tax due by the payment due date. Petitioner did not file a Federal income tax return for any of the years in issue. However, respondent prepared a substitute for return on petitioner's behalf for each of the three years in issue. The substitutes for returns satisfy the requirements of section 6020(b). For each year in issue the substitute

[*15] for return respondent filed on petitioner's behalf showed tax due.  Petitioner did not have any Federal income tax withheld from his income for tax years 2004 and 2005.  Petitioner was given credit for the $5,156 withheld from his gross income for tax year 2006; however, the tax return for tax year 2006 showed additional tax due.  Petitioner did not make any estimated Federal income tax payments for tax year 2004, 2005, or 2006.  Consequently, we sustain respondent's determinations as to the section 6651(a)(2) additions to tax.

Respondent also determined that petitioner is liable for additions to tax for failure to pay estimated tax under section 6654 for tax years 2004 and 2005.  Section 6654(a) imposes an addition to tax on a taxpayer who underpays his or her estimated tax.  The addition to tax is calculated with reference to four required installment payments of the taxpayer's estimated tax liability.  Sec. 6654(c) and (d).  Each required installment of estimated tax is equal to 25% of the "required annual payment".  Sec. 6654(d).  The required annual payment is equal to the lesser of (1) 90% of the tax shown on the individual's tax return for that year (or, if no tax return is filed, 90% of his or her tax for such year), or (2) if the individual filed a tax return for the immediately preceding taxable year, 100% of the tax shown on that tax return.  Sec. 6654(d)(1)(A)-(C).  A taxpayer has an obligation to pay estimated tax only if he or she has a required annual payment.  Wheeler v.

[*16] Commissioner, 127 T.C. at 212; see also Mendes v. Commissioner, 121 T.C. 308, 324 (2003).

To meet the burden of production with regard to the section 6654(a) addition to tax, respondent must, at a minimum, produce evidence necessary to enable the Court to conclude that petitioner had required annual payments for 2004 and 2005. See Wheeler v. Commissioner, 127 T.C. at 211. Although petitioner did not file tax returns for the years in issue, respondent provided copies of substitutes for returns prepared on petitioner's behalf for tax years 2004 and 2005. Both substitutes for returns showed tax due. Petitioner admits that he has not filed his tax returns for over a decade, that he did not have sufficient Federal income tax withheld by his employers for tax year 2004 or 2005, and that he made no estimated tax payments for tax years 2004 and 2005. Respondent has met the burden of production, establishing that petitioner was required to make estimated tax payments for tax years 2004 and 2005 but failed to do so. Petitioner does not qualify for any of the exceptions listed in section 6654(e). Consequently, we sustain respondent's determinations as to the section 6654(a) additions to tax.

III.   The Nonliability Determinations

Following a CDP hearing the settlement officer must determine whether to sustain the collection action, in this case the imposition of a levy. In making that

**[*17]** determination, section 6330(c)(3) provides that the settlement officer must consider: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the proposed levy action balances the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Lunsford v. Commissioner, 117 T.C. 183, 184 (2001); Diamond v. Commissioner, T.C. Memo. 2012-90, slip op. at 6-7.

We note that the settlement officer properly based his determination on the required factors. The settlement officer (1) verified that all legal and procedural requirements had been met, (2) considered the issues petitioner raised, and (3) determined that the proposed collection action appropriately balanced the need for the efficient collection of tax with the legitimate concern of petitioner that the collection action be no more intrusive than necessary.

Petitioner contends that he is entitled to only one CDP hearing for a given tax period and that the supplemental CDP hearing constituted an invalid second CDP hearing for tax years 2004, 2005, and 2006. Petitioner is essentially contending that we can review only the determination from the CDP hearing that gave rise to the petition in this case and that we committed error when we remanded this case for a supplemental CDP hearing. It is well settled that a

**[*18]** taxpayer is entitled to a single hearing under section 6330 with respect to the year to which the unpaid liability relates. Sec. 6330(b)(2); Kelby v. Commissioner, 130 T.C. 79, 86 (2008); Freije v. Commissioner, 125 T.C. 14, 22 (2005). However, when the Court remands a case to Appeals, the further hearing is a supplement to the taxpayer's original section 6330 hearing, not a new hearing. Kelby v. Commissioner, 130 T.C. at 86. The supplemental CDP hearing allows the parties to complete the initial section 6630 hearing while preserving the taxpayer's right to receive judicial review of the ultimate administrative determination. Id. We find that petitioner was provided only one CDP hearing for each of tax years 2004, 2005, and 2006.

Petitioner contends that respondent did not provide him with any admissible evidence to support the determination or with any statutory provisions that make him liable for a tax. Section 6330(c)(1) does not require the Appeals officer to rely on any particular document in satisfying the verification requirement and does not require that the Appeals officer actually give the taxpayer a copy of the documents upon which he or she relied. Craig v. Commissioner, 119 T.C. 252, 262 (2002); Nestor v. Commissioner, 118 T.C. 162, 166 (2002). The settlement officer provided petitioner with a copy of a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, and a computer transcript

[*19] for each tax year in issue. A Form 4340 constitutes presumptive evidence that a tax has been validly assessed pursuant to section 6203. Davis v. Commissioner, 115 T.C. 35, 40 (2000). We have held specifically that it is not an abuse of discretion for an Appeals officer to rely on a Form 4340, Nestor v. Commissioner, 118 T.C. at 166; Davis v. Commissioner, 115 T.C. at 41, or a computer transcript of account, Schroeder v. Commissioner, T.C. Memo. 2002-190; Mann v. Commissioner, T.C. Memo. 2002-48, to comply with section 6330(c)(1). We find that the settlement officer provided petitioner with evidence of the determination.

Petitioner contends that the substitutes for returns respondent prepared on his behalf are not valid tax returns. Under section 6020(b)(1), the Secretary has the authority to execute a tax return "[i]f any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, or makes, willfully or otherwise, a false or fraudulent return". Section 6020(b)(2) provides that "[a]ny return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes." The Secretary is authorized to determine a deficiency even when the taxpayer does not file a tax return. Hartman v. Commissioner, 65 T.C. 542, 546 (1975); sec.

**[\*20]** 301.6211-1(a), Proced. & Admin. Regs.  We find that the substitutes for returns were valid tax returns.

We find that the settlement officer did not abuse his discretion in upholding the proposed collection action.  Any contention we have not addressed is irrelevant, moot, or meritless.

To reflect the forgoing,

<u>Decision will be entered</u>

<u>for respondent</u>.