T.C. Memo. 2012-90

UNITED STATES TAX COURT

JAMES E. DIAMOND, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29178-10L.                      Filed March 27, 2012.

James E. Diamond, Jr., pro se.

<u>Alicia E. Elliott</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>: Pursuant to sections 6320(c) and 6330(d)(1),[1] petitioner

seeks review of respondent's determinations to sustain the filing of a Federal tax

_____

[1] Unless otherwise indicated, all sections references are to the Internal
Revenue Code, and all Rule references are to the Tax Court Rules of Practice and
Procedure.

lien and proposed levy action to collect petitioner's unpaid Federal income tax liability for 2006. The matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121, to which petitioner objects. We conclude that there is no genuine issue as to any material fact, and respondent is entitled to summary judgment as a matter of law.

## Background

Petitioner did not file a Federal income tax return for 2006. Consequently, the Internal Revenue Service (IRS) prepared a substitute for return for 2006 on the basis of information returns filed by third-party payors with the IRS. On December 15, 2008, respondent mailed to petitioner a notice of deficiency for 2006 which was addressed to petitioner's last known, and current, address.[2]

Petitioner does not have a copy of the notice of deficiency and does not recall signing for the notice. Petitioner was away from his home in December 2008 because of a family illness, and he had family members or friends picking up his mail. Petitioner did not file a petition with the Court contesting the deficiency determination, and on April 27, 2009, the IRS assessed his tax for 2006.

---

[2] As proof that the IRS mailed the notice of deficiency, respondent attached to his motion for summary judgment a Substitute USPS Form 3877 (Form 3877). Form 3877 is a mailing list form of the Postal Service that is prepared and used by the IRS to identify items mailed by certified or registered mail.

Petitioner failed to pay the assessed tax, and on November 10, 2009, the IRS sent him Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. On November 17, 2009, the IRS sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. On December 9, 2009, respondent received petitioner's Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request), in which he requested a face-to-face collection due process (CDP) hearing to address whether the IRS followed proper procedures, to dispute the underlying tax liability, and to discuss available collection alternatives.

On September 16, 2010, Settlement Officer Karen Morrison of the IRS Office of Appeals (Appeals) sent petitioner a letter informing him that respondent's Collection Division had placed his tax liability for 2006 in currently not collectible (CNC) status[3] and that if he no longer wanted a CDP hearing, he could withdraw his request by September 30, 2010. Petitioner did not respond to this letter by the requested date.

On October 4, 2010, Officer Morrison sent a letter to petitioner scheduling a telephone conference for October 26, 2010. The letter advised petitioner that he

---

[3] This course of action was presumably taken because petitioner also had outstanding tax liabilities for tax years 2003, 2004, and 2005, all of which had previously been determined to be currently not collectible.

could not contest the underlying tax liability because he had previously received a notice of deficiency. The letter also instructed petitioner to provide Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, file all required tax returns,[4] make estimated tax payments for 2010, and provide a Form 12256, Withdrawal of Request for Collection Due Process or Equivalent Hearing, if he wished to withdraw his CDP hearing request. Finally, the letter advised petitioner to contact Officer Morrison within 14 days if he preferred a face-to-face hearing. Petitioner did not contact Officer Morrison to request a face-to-face hearing or provide any of the information requested, and he failed to call Officer Morrison at the scheduled time for the telephone CDP hearing.

On October 27, 2010, Officer Morrison sent a letter to petitioner providing him with an additional 14 days to provide the previously requested information. On October 29, 2010, petitioner faxed a letter to Officer Morrison stating that he did not wish to withdraw his CDP hearing request because he had never received a notice of deficiency and, therefore, was never afforded an opportunity to challenge the underlying tax liability.

---

[4] Petitioner's 2007, 2008, and 2009 Federal income tax returns had not been filed at the time of the CDP hearing.

On November 30, 2010, Officer Morrison mailed petitioner a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (notice of determination) sustaining the filing of the notice of Federal tax lien and the proposed levy. Petitioner's 2006 account remains in CNC status.

On April 20, 2011, petitioner filed an amended petition[5] disputing the notice of determination because he was not granted a face-to-face hearing and was denied the opportunity to dispute the underlying tax liability.

## Discussion

I.      Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Summary judgment may be granted if it is demonstrated that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). We conclude that there is no issue as to any material fact and that a decision may be rendered as a matter of law.

---

[5] Petitioner resided in Arkansas at the time he filed his petition.

II.     Determination To Sustain the Proposed Levy Action and the Notice of Federal Tax Lien

If a taxpayer requests a hearing in response to a notice of Federal tax lien or a notice of levy pursuant to section 6320 or 6330, a hearing shall be held before an impartial officer or employee of the IRS Office of Appeals.  Sec. 6330(b)(1), (3).  At the hearing the taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  Sec. 6330(c)(2)(A).  A taxpayer is precluded from contesting the existence or amount of the underlying tax liability, unless the taxpayer did not receive a notice of deficiency for the liability in question or did not otherwise have an earlier opportunity to dispute the liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).  The phrase "underlying tax liability" includes the tax deficiency, additions to tax, and statutory interest.  Katz v. Commissioner, 115 T.C. 329, 339 (2000).

Following a hearing, Appeals must determine whether to sustain the filing of the lien and whether proceeding with the proposed levy action is appropriate.  In making that determination, Appeals is required to take into consideration:  (1) verification presented by the Secretary during the hearing process that the requirements of applicable law and administrative procedure have been met, (2)

relevant issues raised by the taxpayer, and (3) whether the proposed lien or levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3).

Section 6330(d)(1) grants this court jurisdiction to review the determination made by the Appeals Office in connection with the section 6330 hearing. Where the underlying tax liability is properly at issue, we review the taxpayer's liability de novo. See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). We review all other determinations for abuse of discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

A.      Petitioner's Challenge to the Underlying Tax Liability

Section 6330(c)(2)(B) precludes a taxpayer from challenging the existence or amount of the underlying liability unless the taxpayer did not receive a notice of deficiency for that liability or did not otherwise have an opportunity to dispute the liability. Petitioner contends that he is entitled to challenge the existence of his underlying tax liability because respondent has not introduced evidence sufficient to

show that (1) respondent properly mailed the notice of deficiency and (2) petitioner actually received the notice. Respondent contends that a properly mailed notice of deficiency was sent to petitioner at his last known address and that he is deemed to have received the notice; therefore, he was precluded from challenging his underlying liability during the section 6330 hearing.

Under section 6330(c)(2)(B), the receipt of a notice of deficiency, not its mailing, is the relevant event.[6] A properly completed Form 3877 reflecting the timely mailing of a notice of deficiency to a taxpayer at the taxpayer's correct address by certified mail, absent evidence to the contrary, establishes that the notice was properly mailed to the taxpayer. United States v. Ahrens, 530 F.2d 781, 784 (8th Cir. 1976) ("The form [3877] is considered highly probative evidence that the notice of deficiency was sent to the address specified."); Coleman v. Commissioner, 94 T.C. 82, 90-91 (1990). Furthermore, compliance with Form 3877 mailing procedure raises a presumption of official regularity in favor of the Commissioner. See Coleman v. Commissioner, 94 T.C. at 91. If the presumption is raised and the

---

[6] For the purpose of asserting a deficiency in tax, the Commissioner is authorized to send a notice of deficiency to the taxpayer. Sec. 6212(a). For that purpose, mailing a notice of deficiency to the taxpayer's last known address is sufficient regardless of receipt or nonreceipt. Sec. 6212(b); Pietanza v. Commissioner, 92 T.C. 729, 735-736 (1989), aff'd without published opinion, 935 F.2d 1282 (3d Cir. 1991).

taxpayer does not rebut the presumption, the Court may find that the taxpayer received the notice of deficiency, thus precluding challenges to the underlying liability under section 6330(c)(2)(B).  See, e.g., Sego v. Commissioner, 114 T.C. at 611; Clark v. Commissioner, T.C. Memo. 2008-155.

Respondent attached to his motion for summary judgment a properly completed Form 3877.  The record contains no credible evidence to rebut the presumption that the notice was properly mailed to petitioner.  At the hearing petitioner did not unequivocally deny that he received the notice of deficiency, and his testimony that he does not have a copy of the notice or remember signing for it is not enough to rebut the presumption afforded respondent.  Thus, we find that petitioner received the notice of deficiency and Appeals correctly determined that petitioner was precluded from challenging the underlying tax liability at the section 6330 hearing.  See Sego v. Commissioner, 114 T.C. at 611; Clark v. Commissioner, T.C. Memo. 2008-155.

B.      Face-to-Face Hearing

Petitioner also contends that Officer Morrison abused her discretion in refusing to conduct a face-to-face hearing.  Because this is not a challenge to the underlying tax liability, we review this issue for abuse of discretion.  Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181-182.

The regulations interpreting section 6330 provide that a "CDP hearing may, but is not required to, consist of a face-to-face meeting". Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. (emphasis added); see also Katz v. Commissioner, 115 T.C. at 337. A taxpayer will ordinarily be offered a face-to-face hearing if the taxpayer presents in the CDP request relevant and nonfrivolous issues relating to the proposed collection activity. Sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs.; see also Golditch v. Commissioner, T.C. Memo. 2010-260. The regulations further provide that if a face-to-face hearing is not held, a hearing conducted by telephone, by correspondence, or by review of documents will suffice for purposes of section 6330(b). See sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs.

Officer Morrison informed petitioner that if he preferred a face-to-face hearing he would need to respond within 14 days. Petitioner did not contact Officer Morrison to request a face-to-face hearing. Petitioner's only communication with Officer Morrison was a fax, sent a few days after the scheduled telephone conference, stating that he did not want to withdraw his CDP hearing request and he had not been afforded the opportunity to contest the underlying tax liability because he did not receive his statutory notice of deficiency. Further, petitioner did not

provide any of the documentation that Officer Morrison had requested. As the settlement officer complied with the procedure promulgated in the regulations, we find that she did not abuse her discretion in issuing the notice of determination without holding a face-to-face hearing.

In reaching our holdings, we have considered all arguments made, and to the extent not mentioned, we consider them irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.