**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-114

UNITED STATES TAX COURT

KENNETH JOHN MELIKIAN AND SHARON KAYE MELIKIAN, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17257-13S L.                    Filed December 29, 2014.

Kenneth John Melikian and Sharon Kaye Melikian, pro sese.

<u>John Chinnapongse</u> and <u>Connor J. Moran</u>, for respondent.

SUMMARY OPINION

KERRIGAN, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code in effect when the petition was filed.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any

other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This proceeding was commenced in response to a Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (notice of determination) dated June 20, 2013. The issue for our consideration is whether respondent may proceed with the collection action as determined.

Background

Petitioners resided in California when the petition was filed. Some of the facts are stipulated and are so found.

Petitioners' liabilities at issue arise from income tax returns they filed for tax years 2002, 2003, 2006, 2009, 2010, and 2011 (tax years at issue). On December 18, 2012, respondent filed a notice of Federal tax lien (NFTL) and issued petitioners a Letter 3172, Notice of Federal Tax Lien Filing and Notice of Your Right to Hearing, for the tax years at issue. Petitioners sent respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing, which respondent received on January 25, 2013. Petitioners requested a collection due process (CDP) hearing for the tax years at issue and requested that the NFTL be

withdrawn because they had an installment agreement. Their request for a hearing did not dispute the underlying tax liabilities.

On April 3, 2013, the settlement officer sent petitioners a letter to schedule a telephone CDP hearing for May 1, 2013. On May 21, 2013, the settlement officer sent petitioners a letter detailing her attempts to contact them and requesting that they submit by June 5, 2013, information that they wanted to be considered.

On June 4, 2013, the settlement officer received by facsimile a letter from petitioner husband requesting that the NFTL be withdrawn and a copy of a December 12, 2012, letter from the Internal Revenue Service regarding petitioners' installment agreement. The December 12, 2012, letter states that "[e]nforcement action could include filing a lien against your property." On June 5, 2013, the settlement officer held a CDP hearing with petitioner husband, who raised the issues of an NFTL's being filed when there was an installment agreement in place and also equitable estoppel.

On June 20, 2013, the settlement officer issued the notice of determination sustaining the NFTL. In deciding to sustain the NFTL, the settlement officer noted that petitioners had defaulted on prior installment agreements. On July 29, 2013, petitioners filed a petition raising the issue of an NFTL's being filed when

there is an installment agreement. Petitioners also contended that respondent should have been estopped from filing the NFTL.

Petitioners do not dispute the underlying income tax liabilities for the tax years at issue or the settlement officer's verification of compliance with applicable law and administrative procedure.

Discussion

Section 6320(a)(1) requires the Secretary to provide written notice to a taxpayer when the Secretary has filed an NFTL against the taxpayer's property and property rights. See secs. 6321, 6323. Additionally the Secretary must notify the taxpayer of his or her right to a CDP hearing. Sec. 6320(a)(3).

Where the validity of the underlying tax liability is properly in issue, we review the underlying tax liability de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000). In cases such as this where there is no challenge to the underlying liability, the Court reviews administrative determinations by the Appeals Office regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. In determining abuse of discretion, we consider whether the determination was arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320

(2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Woodral v. Commissioner, 112 T.C. 19, 23 (1999). The Court does not conduct an independent review and substitute its judgment for that of the settlement officer. Murphy v. Commissioner, 125 T.C. at 320. If the settlement officer follows all statutory and administrative guidelines and provides a reasoned, balanced decision, the Court will not reweigh the equities. Link v. Commissioner, T.C. Memo. 2013-53, at *12.

Following a CDP hearing the settlement officer must determine whether to sustain the filing of the NFTL. In making that determination, the settlement officer is required by section 6330(c)(3) to consider: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the proposed collection action balances the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Lunsford v. Commissioner, 117 T.C. 183, 184 (2001); Diamond v. Commissioner, T.C. Memo. 2012-90, slip op. at 6-7; see also sec. 6320(c).

Section 6323(j)(1) provides:

(1) In general.--The Secretary may withdraw a notice of a lien filed under this section and this chapter shall be applied as if the withdrawn notice had not been filed, if the Secretary determines that--

(A) the filing of such notice was premature or otherwise not in accordance with administrative procedures of the Secretary,

(B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the lien was imposed by means of installment payments, unless such agreement provides otherwise,

(C) the withdrawal of such notice will facilitate the collection of the tax liability, or

(D) with the consent of the taxpayer or the National Taxpayer Advocate, the withdrawal of such notice would be in the best interest of the taxpayer (as determined by the National Taxpayer Advocate) and the United States.

Petitioners did not dispute that they had defaulted on their installment agreements. Respondent contends that the NFTL was filed to protect the Government's interest.

Petitioners contend that they were told that if they remained in compliance in regard to their installment agreement, an NFTL would not be filed. Petitioners further contend that respondent was estopped from filing the NFTL. Even though petitioner husband raised the issue of equitable estoppel at the CDP hearing, he testified that the issue was not addressed and the settlement officer appeared not to understand the concept.

Abuse of Discretion

Entering into an installment agreement does not preclude the filing of an NFTL. Crisan v. Commissioner, T.C. Memo. 2007-67, slip op. at 7. Section 6323(j)(1) is permissive. Id. The Commissioner may withdraw an NFTL pursuant to section 6323(j)(1), but respondent's failure to do so in this case is not an abuse of discretion. See id. Petitioners did not produce any evidence to support their contention that the filing of the NFTL would impair their ability to pay their outstanding tax liabilities. Respondent filed the NFTL to protect the Government's interest.

The December 12, 2012, letter states that a lien is a method of enforcement and does not state that an NFTL would not be filed because there is an installment agreement. We have held that it is not an abuse of discretion for a settlement officer to refuse to withdraw an NFTL filing because the taxpayers have an installment agreement. Karakaedos v. Commissioner, T.C. Memo. 2012-53.

On the basis of the facts presented, the Court holds that respondent did not abuse his discretion in sustaining the filing of the NFTL.

Equitable Estoppel

Equitable estoppel is a judicial doctrine that precludes a party from denying its own representations which induced another to act to his or her detriment.

Hofstetter v. Commissioner, 98 T.C. 695, 700 (1992).  This Court has recognized that estoppel is applied against the Commissioner "'with utmost caution and restraint.'"  Id. (quoting Estate of Emerson v. Commissioner, 67 T.C. 612, 617 (1977)).

The taxpayer must establish the following elements before equitable estoppel will be applied against the Government:  (1) a false representation or wrongful, misleading silence by the party against whom estoppel is claimed; (2) an error in statement of fact and not in an opinion or statement of law; (3) ignorance of the true facts; (4) the taxpayer's reasonable reliance on the acts or statements of the one who against whom estoppel is claimed; and (5) adverse effects suffered by the taxpayer from the acts or statements of the one against whom estoppel is claimed.  Norfolk S. Corp. v. Commissioner, 104 T.C. 13, 60 (1995), aff'd, 140 F.3d 240 (4th Cir. 1998).  Estoppel requires a finding that the taxpayer relied on the Government's representations and suffered a detriment because of the reliance. Id.

The U.S. Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie but for section 7463(b), requires the party seeking to apply the doctrine against the Government to prove affirmative misconduct.  Purcell v. United States, 1 F.3d 932, 939 (9th Cir. 1993).  Affirmative misconduct requires

"'ongoing active misrepresentations'" or a "'pervasive pattern of false promises'", as opposed to an isolated act of misinformation. <u>Id.</u> at 940 (quoting <u>S & M Inv. Co. v. Tahoe Reg'l Planning Agency</u>, 911 F.2d 324, 329 (9th Cir. 1990)). Regardless of whether petitioner husband was able to fully discuss this issue at his CDP hearing, there was no affirmative misconduct.

Petitioners suffered no detriment that is legally recognizable. <u>See</u> <u>Fincourt B Shelton PC v. Commissioner</u>, T.C. Memo. 2013-273. Petitioners did not change a position to their detriment. <u>See</u> <u>Reuben v. Commissioner</u>, T.C. Memo. 2001-193. Accordingly, we hold that equitable estoppel should not be applied against respondent.

We have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.