T.C. Memo. 2016-83

UNITED STATES TAX COURT

ADITYA KRISHNAN AND SHAKTI SINGH, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29769-14L.                    Filed April 28, 2016.

Aditya Krishnan and Shakti Singh, pro sese.

Brenn C. Bouwhuis, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, Judge: The petition in this case was filed in response to a

Notice of Determination Concerning Collection Action(s) under Section 6320

and/or 6330 of the Internal Revenue Code dated November 14, 2014, upholding a

proposed collection action for tax years 2009, 2010, 2011, and 2013. Petitioners

do not dispute tax year 2013, and their petition addresses only tax years 2009-11

**[\*2]** (tax years at issue). We must consider whether respondent's determination to proceed with the collection action regarding petitioner's unpaid income tax liabilities for the tax years at issue was proper.[1]

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Petitioners were married and resided in California when they timely filed the petition. Petitioner husband is a patent attorney.

Petitioners originally filed separate income tax returns for each of the tax years at issue. On the original returns filed for 2009 and 2010, petitioners each claimed the filing status of "Single". On the original return filed for 2011, petitioners each claimed the filing status of "Married Filing Separately".

On or around August 14, 2012, and while petitioners' returns were under examination by respondent, petitioners submitted joint income tax returns for the tax years at issue. On September 10, 2012, respondent assessed the tax petitioners

---

[1]Respondent conceded the accuracy-related penalties pursuant to sec. 6662(a) as initially included in the collection action for the tax years at issue.

**[\*3]** reported as due on the submitted joint returns.² Petitioners had not remitted payment for these amounts.

Shortly after the joint income tax returns were submitted, respondent examined them and determined deficiencies in income tax. On November 6, 2012, respondent issued petitioners a notice of deficiency for the tax years at issue. On December 27, 2012, petitioners filed a petition and were assigned docket No. 31100-12. Docket No. 31100-12 was called for trial in San Francisco, California, on January 27, 2014, and set for re-call later that day. During the re-call the parties submitted a stipulated decision that was a full concession by petitioners for the amounts of the deficiencies and penalties determined in the notice of deficiency. The stipulated decision stated as follows:

> Pursuant to the agreement of the parties in this case, it is
>
> ORDERED and DECIDED: That there are deficiencies in income tax due from the petitioners for the taxable years 2009, 2010, and 2011 in the amounts of $34,602.00, $89,158.00, and $68,097.00 respectively; and
>
> That there are penalties due from the petitioners for the taxable years 2009, 2010, and 2011 under the provisions of I.R.C. §6662(a) in amounts of $6,920.00, $17,831.00, and $13,619.00, respectively.

---

²The amounts assessed did not include amounts previously assessed on petitioner husband's previously filed returns for the tax years at issue.

**[*4]**   A faxed copy of the stipulated decision was lodged with the Court.  On February 13, 2014, respondent mailed petitioners a letter attaching a clean copy of the previously lodged stipulated decision and requested that petitioners return the signed stipulated decision so that it could be filed with the Court.  On March 10, 2014, the Court entered a fully executed stipulated decision in the case at docket No. 31100-12.  In accordance with the stipulated decision the deficiencies and penalties were assessed for the tax years at issue.  In July 2014 petitioners made payments totaling the amounts of tax deficiencies and penalties agreed to in the stipulated decision.

On July 22, 2014, respondent sent petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 informing petitioners that respondent had filed a notice of Federal tax lien (NFTL) regarding petitioners' income tax liabilities for the 2009, 2010, 2011, and 2013 tax years.  Petitioners timely requested a collection due process hearing (CDP hearing).

The CDP hearing was held over the telephone on November 5, 2014.  At the CDP hearing petitioners did not request any collection alternatives.  On November 14, 2014, respondent issued petitioners a notice of determination sustaining the collection action for the tax years at issue.

**[\*5]**                          OPINION

Section 6320(a)(1) requires the Secretary to provide written notice to a taxpayer when the Secretary has filed an NFTL against the taxpayer's property and property rights. See secs. 6321, 6323. Additionally, the Secretary must notify the taxpayer of his or her right to a CDP hearing. Sec. 6320(a)(3).

The Federal Government obtains a tax lien against the property and rights to property, whether real or personal, of a taxpayer with an outstanding tax liability whenever a demand for payment has been made and the taxpayer neglects or refuses to pay. Sec. 6321; Iannone v. Commissioner, 122 T.C. 287, 293 (2004).

If the taxpayer requests a CDP hearing, the hearing is conducted before an impartial officer or employee of the Appeals Office. Secs. 6320(b)(1), (3), 6330(b)(1), (3). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection action, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. Secs. 6320(c), 6330(c)(2)(A).

Following a CDP hearing the settlement officer must determine whether to sustain the filing of the NFTL. In making that determination, the settlement officer is required by section 6330(c)(3) to consider: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues

**[\*6]** appropriately raised by the taxpayer; and (3) whether the collection action balances the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Lunsford v. Commissioner, 117 T.C. 183, 184 (2001); Diamond v. Commissioner, T.C. Memo. 2012-90, slip op. at 6-7; see also sec. 6320(c).

I.    Standard of Review

Once the Commissioner issues a notice of determination, the taxpayer may seek review in this Court. Sec. 6330(d)(1). Where the validity of the underlying tax liability is properly in issue, we review that matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). A taxpayer may challenge the underlying tax liability during a CDP hearing if he or she did not receive a statutory notice of deficiency for such liability or did not otherwise have the opportunity to dispute such liability. Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 9-10 (2004).

The Court reviews administrative determinations by the Appeals Office regarding nonliability issues for abuse of discretion. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008); Goza v. Commissioner, 114 T.C. at 182. In determining abuse of discretion, we consider whether the determination was arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v.

**[\*7]** <u>Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006); <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

We have held that "it is reasonable to interpret the term 'underlying tax liability' as a reference to the amounts that the Commissioner assessed for a particular tax period." <u>Montgomery v. Commissioner</u>, 122 T.C. at 7. Thus, " 'underlying tax liability' may encompass an amount assessed following the issuance of a notice of deficiency under section 6213(a), an amount 'self-assessed' under section 6201(a), or a combination of such amounts." <u>Id.</u> at 7-8.

The plain language of section 6330(c)(2)(B) bars a taxpayer who has received a notice of deficiency from challenging his or her underlying tax liability for that year (whether the liability was determined by the taxpayer or the Commissioner) in a collection review proceeding inasmuch as the person was afforded a prior opportunity to challenge such liability under the deficiency procedures. <u>See</u> <u>id.</u> at 8.

Petitioners submitted joint returns for the tax years at issue, and these returns show taxes due to be paid. Petitioners made no payment with respect to these returns. Respondent examined these returns and issued a notice of deficiency. After receiving the notice of deficiency petitioners filed a petition, and the case was concluded with a stipulated decision.

**[\*8]** At the Appeals Office hearing and at trial, petitioners argued only that the stipulated decision covered the total tax liability for the tax years at issue. Petitioners could have challenged the tax liabilities they reported for the tax years at issue when they filed their petition in the deficiency case. It would therefore appear that petitioners had a prior opportunity to contest the underlying liabilities and are precluded from challenging them here by section 6330(c)(2)(B). However, respondent conceded that petitioners were entitled to challenge their underlying liabilities pertaining to the amounts of tax they reported on the joint income tax returns for the years at issue. We do not decide whether to accept respondent's concession regarding underlying liability because petitioners are not successful even if underlying liability is at issue. Provided below is a brief analysis regarding why petitioners would not be successful even if the underlying liabilities were reviewed de novo.

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). The taxpayer likewise bears the burden of proving his entitlement to deductions allowed by the Code and of substantiating the amounts of items underlying claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79,

**[\*9]** 84 (1992); sec. 1.6001-1(a), Income Tax Regs. Under section 7491(a), in certain circumstances the burden of proof may shift from the taxpayer to the Commissioner. Petitioners have not claimed or shown that they meet the requirements of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue. The burden of proof remains with petitioners.

Section 162(a) allows a deduction for ordinary and necessary expenses that a taxpayer pays in connection with the operation of a trade or business. If a taxpayer establishes that an expense is deductible, but is unable to substantiate the precise amount, the Court may estimate the amount, bearing heavily against the taxpayer whose inexactitude is of his own making. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The taxpayer must present sufficient evidence for the Court to form an estimate because without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

Petitioners did not specifically identify which amounts reported as income or expenses on the joint returns they intended to challenge. Additionally, they did not produce any substantiating documents or other evidence to support reducing the income reported or to substantiate additional deductions. Petitioners did not demonstrate that the assessments resulting from the amounts of tax they reported

[*10] on the joint returns should be reduced or abated for any of the tax years at issue. Accordingly, even under de novo review petitioners do not prevail. Therefore, the standard of review is abuse of discretion. See Goza v. Commissioner, 114 T.C. at 182.

II.    Abuse of Discretion

We note that the settlement officer properly based her determination on the required factors. The settlement officer (1) verified that all legal and procedural requirements had been met, (2) considered the issues petitioner raised, and (3) determined that the collection action appropriately balanced the need for the efficient collection of taxes with the legitimate concern of petitioner that the collection action be no more intrusive than necessary.

Petitioners have not advanced arguments or presented evidence allowing us to conclude that the determination to sustain the collection action was arbitrary, capricious, or without sound basis in fact or otherwise an abuse of discretion. See Giamelli v. Commissioner, 129 T.C. 107, 112 (2007). Petitioners also did not provide any collection alternatives. We conclude that there was no abuse of discretion.

**[*11]** III.     Settlement Argument

Petitioners contend that the stipulated decision in docket No. 31100-12 was a global settlement for all of their tax liabilities for the tax years at issue, including the amounts they reported.  Respondent contends that the stipulated decision was only for deficiencies and penalties and that their original reported return amounts are still due.

Reviewing the stipulated decision document and the record from the case at docket No. 31100-12, it is clear that the stipulated decision did not relieve petitioners of their liability for the amounts reported on their returns and that those amounts are still due.  See sec. 6211(a).   The stipulated decision is a judgment on the merits for purposes of res judicata, and petitioners are precluded from relitigating those amounts in this proceeding.  See Commissioner v. Sunnen, 333 U.S. 591 (1948); Baker v. IRS, 74 F.3d 906, 910 (9th Cir. 1996); Goodman v. Commissioner, T.C. Memo. 2006-220.  Furthermore, liability for the reported amounts could have been raised during the prior proceeding.  Res judicata also applies to other admissible matters which might have been offered.  See Commissioner v. Sunnen, 333 U.S. at 597.

**[*12]**        Any contentions we have not addressed are irrelevant, moot, or

meritless.

To reflect the foregoing,

<u>An appropriate decision will be</u>

<u>entered</u>.