T.C. Summary Opinion 2016-53

UNITED STATES TAX COURT

ERIC L. COX, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9608-15S L.                    Filed September 6, 2016.

Eric L. Cox, pro se.

Joseph E. Nagy, for respondent.

SUMMARY OPINION

GERBER, Judge: This case was heard pursuant to section 7463[1] of the

Internal Revenue Code in effect when the petition was filed. Pursuant to section

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times.

7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Following a brief trial in this collection due process (CDP) case, the remaining issues for our consideration are whether petitioner is entitled to contest the underlying liabilities and whether respondent's decision to proceed with a levy was an abuse of discretion.

Background

Petitioner filed a petition in response to a March 9, 2015, Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 (notice of determination), upholding a proposed levy regarding his unpaid trust fund recovery penalties (TFRPs) for the last quarter of 2010 and the first two quarters of 2011. Petitioner resided in California at the time his petition was filed.

On January 7, 2014, respondent sent petitioner a Letter 1153, Trust Funds Recovery Penalty Letter, proposing the assessment of TFRPs against him under section 6672 "as a person required to collect, account for, and pay over withheld taxes for" Raiser Construction Co. See sec. 6672(b). Petitioner had 60 days within which to appeal the proposed assessment before respondent could assess. See sec. 6672(b)(2). On March 11, 2014, petitioner hand-delivered to the Internal Revenue Service Appeals Office and mailed by certified mail a letter to preserve

his appeal rights. The 60-day period would have expired on March 8, 2014, but for the fact that March 8 fell on a Saturday, which gave petitioner until March 10, 2014 (a Monday), within which to appeal respondent's decision to assess. See sec. 7503. Petitioner's attempt to preserve his rights was one day late, and respondent assessed the TFRPs on March 24, 2014. Respondent received petitioner's certified letter on March 14, 2014.

On May 6, 2014, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioner submitted a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, and a hearing before Settlement Officer Linda L. Cochran was scheduled for February 19, 2015. During a telephone hearing the settlement officer advised petitioner that even though he had not been permitted to contest the underlying TFRP liabilities because his protest was one day late, he had had a prior opportunity for a hearing, thereby precluding him from contesting the liabilities at the section 6330 CDP hearing.

After the telephone hearing petitioner unsuccessfully attempted to show that the protest was actually mailed on March 10, 2014, and he was then notified that respondent had determined to proceed with collection.

Discussion

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after notice and demand. Before the Secretary may levy upon the taxpayer's property, the Secretary must notify him or her of the Secretary's intention to make the levy. Sec. 6331(d)(1). The Secretary must also notify the taxpayer of his or her right to a CDP hearing. Sec. 6330(a)(1).

Generally, at the hearing a taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy. Sec. 6330(c)(2)(A). Once the settlement officer makes a determination, the taxpayer may appeal the determination to this Court. Sec. 6330(d)(1). The Court has jurisdiction to review the Commissioner's administrative determination. Id.

Petitioner sought to dispute the underlying TFRP liabilities during the CDP hearing. The settlement officer advised petitioner that he had previously had the opportunity to dispute the underlying liabilities but had failed to timely perfect that opportunity. Nevertheless, petitioner was not permitted to raise the merits of the underlying liabilities during the telephone CDP hearing. Petitioner testified during the trial that he had sold Raiser Construction Co. before the last quarter of 2010 and that the new owner, not petitioner, would have been the responsible

person.  In addition, petitioner indicated that he had paid the employment tax liabilities for all quarters that ended before he sold the company.  Petitioner adduced written evidence at the trial showing when he had sold the company, and he further indicated that the buyer's testimony would support his position.  So we are faced with (1) an anomalous circumstance where petitioner might have been able to successfully contest the underlying liabilities and (2) the resulting question of whether it was an abuse of respondent's discretion not to permit him to attempt to do so.

If the underlying liabilities were properly at issue, we would have considered petitioner's evidence and contentions de novo.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000).  Moreover, section 6330(c)(2)(B) provides that "[a taxpayer] may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  The TFRP liabilities are not subject to deficiency procedures; however, the question remains as to whether petitioner had an opportunity to dispute them.

The Commissioner is required to provide taxpayers with a notice of TFRPs before assessment can be made.  Respondent accomplished such notice by the

January 7, 2014, Letter 1153. See sec. 6672(b); Mason v. Commissioner, 132 T.C. 301, 317 (2009). This Court has held that receipt of a Letter 1153 is an opportunity to dispute the liability in question within the meaning of sections 6672 and 6330. See, e.g., Solucorp, Ltd. v. Commissioner, T.C. Memo. 2013-118. Although petitioner attempted to dispute the TFRP liabilities, his attempt was one day late (one day beyond the 60-day period), and under section 6330 respondent is not authorized to waive the time restrictions of section 6672. See Orum v. Commissioner, 123 T.C. 1, 11 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005); see also Kennedy v. Commissioner, 116 T.C. 255, 262 (2001).

Accordingly, petitioner's recourse would be to seek a refund by means of an administrative action or a court proceeding after payment of a portion of the TFRPs. It seems curious that respondent would not consider petitioner's evidence because it could have saved the Government and parties time, effort, and expense if petitioner had been able to easily show that he was not liable for the TFRP liabilities. We understand that respondent was precluded from considering petitioner's appeal of the proposed assessment because it was untimely, but respondent is not otherwise statutorily prohibited from considering petitioner's arguments during the CDP hearing (after an assessment has already been made). Nevertheless, this Court's role is to review what has transpired and to decide

whether there has been an abuse of discretion. Because respondent was not required to consider petitioner's underlying liabilities as part of the CDP hearing, respondent's failure to do was not an abuse of discretion.

Where the validity of the underlying tax liability is not properly at issue, we review the determination to sustain a collection action for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. 176, 182 (2000). We consider whether the determination was arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Woodral v. Commissioner, 112 T.C. 19, 23 (1999); see also Keller v. Commissioner, 568 F.3d 710, 716 (9th Cir. 2009), aff'g in part T.C. Memo. 2006-166.

Following a CDP hearing the settlement officer must determine whether to sustain the proposed levy action. In making that determination, section 6330(c)(3) requires the settlement officer to consider: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the proposed levy action balances the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.

Lunsford v. Commissioner, 117 T.C. 183, 184 (2001); Diamond v. Commissioner, T.C. Memo. 2012-90, slip op. at 6-7; see also sec. 6320(c).

We note that the settlement officer properly based her determination on the required factors. The settlement officer (1) verified that all legal and procedural requirements had been met, (2) considered the issues petitioner properly raised, and (3) determined that the proposed collection action appropriately balanced the need for the efficient collection of taxes with the legitimate concern of petitioner that the collection action be no more intrusive than necessary. Accordingly, the settlement officer did not abuse her discretion in sustaining the proposed levy, and we sustain respondent's determination.

To reflect the foregoing,

Decision will be entered

for respondent.