T.C. Memo. 2017-91

UNITED STATES TAX COURT

JOSEPH CHIARELLI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11951-12L.                       Filed May 25, 2017.

Joseph Chiarelli, pro se.

<u>Luanne S. DiMauro</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  The petition in this case was filed in response to a

Notice of Determination Concerning Collection Action(s) Under Section 6320

and/or 6330 (notice of determination) dated April 10, 2012.  The notice of

determination sustained a proposed levy regarding petitioner's unpaid income tax

liability for tax year 2009.

**[\*2]** The issue for consideration is whether respondent's determination to proceed with the collection action regarding petitioner's unpaid tax liability for 2009 was proper. All section references are to the Internal Revenue Code in effect at all relevant times. We round all monetary amounts to the nearest dollar.

FINDINGS OF FACT

Petitioner resided in Connecticut when he timely filed his petition.

On March 14, 2011, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, regarding tax year 2009. Petitioner mailed a Form 12153, Request for a Collection Due Process or Equivalent Hearing. On the Form 12153 he checked the boxes for installment agreement and offer-in-compromise. Petitioner filed an incomplete Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. The Form 433-A showed no ownership interest in real estate. Petitioner wrote on this form that the only assets that he had transferred in the prior 10 years were "charitable contributions".

On April 10, 2012, respondent issued a notice of determination sustaining the proposed levy. The settlement officer concluded that petitioner did not provide enough financial information to enable her to determine whether his income tax liability was not collectible or whether he qualified for an installment

[*3] agreement or an offer-in-compromise.  Petitioner's petition contends that a levy would result in a financial hardship.

A partial trial of this matter was held on May 19, 2014.  On May 20, 2014, the Court remanded this case to the Internal Revenue Service (IRS) Appeals Office.  The case was remanded to allow the Appeals Office to review information about petitioner's real estate holdings.  A supplemental collection due process (CDP) hearing was held.

During the supplemental CDP hearing petitioner provided information regarding the ownership history of properties on Briarcliff Road and Whitney Avenue in Hamden, Connecticut.  On August 8, 2003, petitioner had transferred by quitclaim deed an undivided one-sixteenth interest in the Whitney Avenue property to his daughter.  On June 16, 2010, petitioner had transferred by deed his remaining interest in the Whitney Avenue property and the Briarcliff Road property to his daughter.  This deed, recorded on July 2, 2010, indicates that no conveyance or State tax was paid.  Petitioner had transferred the properties to his daughter for $1.

Petitioner provided respondent with an appraisal of $480,000 for the Whitney Avenue property dated June 8, 2010.  It is unclear whether the appraisal also includes the Briarcliff Road property, which abuts the Whitney Avenue

**[\*4]** property. The appraisal described the property as two adjacent parcels. The IRS valuation engineer determined that the value of the Whitney Avenue property was $545,000 on June 16, 2010, and $515,000 on April 10, 2012. The IRS valuation engineer determined that the value of the Briarcliff Road property was $120,000 on June 16, 2010, and $113,000 on April 10, 2012. As of December 11, 2011, the balance due on the mortgage for the Whitney Avenue property was $549,335.

During the supplemental CDP hearing petitioner did not offer a collection alternative. The settlement officer (second settlement officer) who conducted the supplemental CDP hearing was not the one who had conducted the first CDP hearing. The second settlement officer concluded that there was no equity in the Whitney Avenue property but that petitioner had equity in the Briarcliff Road property. On September 3, 2015, the second settlement officer issued a supplemental notice of determination sustaining the proposed levy.

## OPINION

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after a notice and demand. Before the Secretary may levy upon the taxpayer's property, the Secretary must notify him or her of the Secretary's intention to make the levy.

**[*5]** Sec. 6331(d)(1). The Secretary must also notify the taxpayer of his or her right to a CDP hearing. Sec. 6330(a)(1).

If the taxpayer requests a CDP hearing, the hearing is conducted by a settlement officer from the Appeals Office. Sec. 6330(b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy. Sec. 6330(c)(2)(A). Once the settlement officer makes a determination, the taxpayer may appeal the determination to this Court. Sec. 6330(d)(1). The Court has jurisdiction to review the Commissioner's administrative determinations. Id.

Where the validity of the underlying tax liability is properly at issue, this Court reviews the liability determination de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). The Court reviews administrative determinations made by the Appeals Office regarding nonliability issues for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. Petitioner does not challenge his underlying liability for 2009, and therefore we review respondent's determination for abuse of discretion.

In determining whether there has been an abuse of discretion, we consider whether the determination by the Appeals Office was arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v. Commissioner, 125 T.C.

**[\*6]** 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Woodral v.

Commissioner, 112 T.C. 19, 23 (1999).  The Court does not conduct an

independent review and substitute its judgment for that of the settlement officer.

Murphy v. Commissioner, 125 T.C. at 320.  If the settlement officer follows all

statutory and administrative guidelines and provides a reasoned, balanced

decision, the Court will not reweigh the equities.  Link v. Commissioner, T.C.

Memo. 2013-53, at \*12.

Following a CDP hearing the settlement officer must determine whether to

sustain the collection action, in this case the imposition of a levy.  In making that

determination, section 6330(c)(3) provides that the settlement officer must

consider:  (1) verification presented by the Secretary during the hearing process

that the requirements of any applicable law or administrative procedure have been

met; (2) any issues appropriately raised by the taxpayer; and (3) whether the

proposed levy action balances the need for the efficient collection of taxes and the

legitimate concern of the taxpayer that any collection action be no more intrusive

than necessary.  Lunsford v. Commissioner, 117 T.C. 183, 184 (2001); Diamond

v. Commissioner, T.C. Memo. 2012-90, slip op. at 6-7.

We note that the second settlement officer properly based her determination

on the required factors.  The settlement officer (1) verified that all legal and

[*7] procedural requirements had been met, (2) considered the issues petitioner raised, and (3) determined that the proposed levy action appropriately balanced the need for the efficient collection of tax with the legitimate concern of petitioner that the collection action be no more intrusive than necessary.

Petitioner contends that he made an offer regarding payments. Petitioner testified that the Briarcliff Road property was the backyard of the Whitney Avenue property and that he originally thought that there was a mortgage on the Briarcliff Road property. He further testified that he now agrees that there is no mortgage on the Briarcliff Road property. Respondent contends that it was not an abuse of discretion for the second settlement officer to include equity in the Briarcliff Road property in a collection alternative consideration and to sustain the proposed levy.

The second settlement officer sustained the proposed levy because of her conclusion that petitioner had equity in the Briarcliff Road property. Petitioner had transferred the Briarcliff Road property to his daughter on June 16, 2010. Petitioner still had an ownership interest in the properties in 2009 and divested his interest in the properties after his tax liability for 2009 accrued. Although petitioner contended that he made an offer regarding payments, he provided no collection alternatives to the second settlement officer. A settlement officer does not abuse his discretion when he or she declines to consider a collection

**[\*8]** alternative under these circumstances.  See <u>Kendricks v. Commissioner</u>, 124 T.C. 69, 79 (2005).

We find that the second settlement officer did not abuse her discretion in upholding the proposed collection action.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.